Allen *et al. vs.* Lathrop & Company.

GEORGE W. ALLEN *et al.*, plaintiffs in error, *vs.* J. W. LATHROP & COMPANY, defendants in error.

1. A mortgage upon real estate given to secure "advances" to be made by the mortgagee to the mortgagor, for the purpose of carrying on the farm of the mortgagor for 1870, is not invalid for want of a sufficient description of the debt intended to be secured.
2. A mortgagor is estopped from denying his own title to the property mortgaged, and third parties claiming title to the land cannot at law make themselves parties to the proceedings to foreclose for the purpose of asserting their rights. The judgment is between the parties to the mortgage, and binds them, and them only.
The absence of a party not legally interested in the result of a case, is no ground of continuance. (R.)

Foreclosure of mortgage. Description. Advances. Estoppel. Title. Tried before Judge COLE. Houston Superior Court. December Term, 1871.

J. W. Lathrop and Company commenced proceedings to foreclose a mortgage on real estate executed by "James H. Allen, George W. Allen, Eugenia C. Dunlap, and James M. Ward, in right of his wife Cornelia Ward, legatees under the last will and testament of Hugh Allen, deceased," " in consideration of advances in money and plantation supplies, to be advanced to said James M. Allen by said James W. Lathrop and Company aforesaid, said supplies and money being advanced by said J. W. Lathrop and Company for the mutual benefit of said James H. Allen, George W. Allen, Eugenia C. Dunlap, and James M. Ward, in right of his wife Cornelia Ward, said supplies and money being advanced for the purpose of carrying on the farm for the year 1870, in the county of Houston, in said State," " to secure said James W. Lathrop and Company for the same." The mortgage was dated January 12th, 1870. The rule *nisi* recited that there was due to plaintiffs on January 10th, 1871, $4,858 21.

James H. Allen objected to the foreclosure of said mortgage upon the following grounds, to-wit :

1st. Because he holds said realty as executor of Hugh Allen, deceased ; said estate has never been settled, and the said land has not been turned over to the legatees of said Hugh Allen ; that there are now outstanding debts against the estate of said Hugh Allen, and it will be necessary for defendant, as executor as aforesaid, to administer upon said land for the payment of said debts, and that said land is, by the will of Hugh Allen, deceased, charged with the payment of certain legacies in said will set forth, which will be sufficient to exhaust the whole of said land.

2d. That as guardian for S. W. Allen, G. E. Allen, and N. L. Allen, minors of Newton Allen, deceased, he is entitled to a distributive share of said land, and that by the conditions of the last will and testament of said Hugh Allen,

Allen *et al. vs.* Lathrop & Company.

said land so mortgaged, as aforesaid, is given for the sole and separate use of the several legatees in said will mentioned, and that none of the defendants to the above rule had any legal right to sell said land or create any incumbrance thereon, the same being trust property.

The remaining mortgagors also filed objections to the foreclosure unnecessary here to be set forth.

The jury returned a verdict for the plaintiffs for the sum of $4,858 21, with interest from January 10th, 1871.

The defendants assign the following errors upon the trial, to-wit :

1st. The Court erred in not granting a continuance upon the ground that James H. Allen, as guardian for the minors of Newton Allen had, after filing objections to said foreclosure and before the trial, been removed from his guardianship and no other guardian had been appointed.

2d. The Court erred in allowing said mortgage to be introduced in evidence, said mortgage describing no debt with sufficient accuracy and being given to secure the payment of debts not in existence at the time of the execution.of the mortgage, and for debts of an indefinite amount.

3d. The Court erred in rejecting as evidence the last will and testament of Hugh Allen, deceased, sought to be introduced for the purpose of showing that the lands included in the mortgage comprised all of the lands mentioned in the will, and that the minors of Newton Allen were legatees under said will and interested in said realty ; that there had been no settlement of the estate, and the lands were incumbered with the payment of debts and legacies which were still unsettled ; that there had not been any assent of the executor to the execution of the mortgage; that by the terms of the will the mortgagors were prevented from selling or incumbering said realty, and that they had no interest in the land to mortgage.

DUNCAN & MILLER; POE, HALL & POE, for plaintiffs in error.   1st. Defenses to foreclosure of mortgage : Code, secs.

3892, 3903.   2d. A mortgage cannot be created to secure a debt not in existence : Code, sec. 1945 ; 25th Ga. R., 176. 3d. There had been no assent of the executor : Code, sec. 2416 ; 42d Ga. R., 123.   4th. The will was admissible in evidence : 30th Ga. R., 671.

WARREN & GRICE, for defendants.   1st. Defenses to foreclosure of mortgage : 36th Ga. R., 499 ; Code, sec. 3889 ; 19th Ga. R., 14; 25th *Ib.*, 383.   2d. Mortgage valid to secure future advances : 4th Kent's Coms., 175 ; 2d Powell on Mort., 533 ; 1st Hilliard on Mort., 286 ; 17th Pick. R., 414 ; 2d T. R., 462 ; 1 McC. Ch. R., 265 ; 2d Johns. Ch. R., 283 ; 25th Ga. R., 167 ; Stokes *vs.* Hollis, 42d Ga. R., 262 ; Hinton *vs.* F. W. Sims & Co., decided April 30th, 1872.   3d. Assent of executor : Code, sec. 2416.

McCAY, Judge.

Without question the common law rules make a mortgage which, on its face was to secure future advances, sufficiently certain : 4 Kent, 175 ; 1st Hilliard on Mortgages, 210-215, where the subject is fully treated and numerous authorities cited.   But it is said that our Code changes this rule.   Its language is, section 1945 : " No particular form is necessary to constitute a mortgage.   It must clearly indicate the creation of a lien, specify the debt to secure which it is given and the property on which it is to take effect."   But this is, in truth, nothing more than the common law required, and amounts only to saying that the form of the undertaking is immaterial.   If the material elements of a mortgage are there—sufficient certainty as to what the parties intend—the paper is good as a mortgage, though there be no words of conveyance or any other of the usual forms of a mortgage. In Leeds *vs.* Cameron, 3 Sumner's Reports, 492, Judge Story, in commenting upon very similar language in a statute of New Hampshire, the words were: "stating the sum of money to be secured," says it can hardly be supposed that it was the intent of the Legislature to make void all mortgages for in-

demnity, and yet this would be true if we are to give this language the restrictive meaning contended for, since it can never be known precisely what is the debt to be secured in such cases, it depending altogether on future events. And so we say as to this section of the Code. It is to have a reasonable construction, and is to be construed in reference to its intent, to-wit: to facilitate and not to hamper and restrict mortgage liens. It requires that the debt or duty of the mortgagor shall be specified ; it does not say that such *duty shall be* specific and precise. It may be indefinite, as to indemnify a surety for whatever he may pay in a certain event, or to hold one harmless for whatever may happen under certain circumstances. The paper must point out what the parties intend. Here the intent expressed is that the *mortgagor* shall pay to *the mortgagee* any moneys he may advance to him for the purpose of carrying on his farm for 1870. *This debt* or duty is plainly pointed out and specified. And, though the precise amount of the debt does not appear, since it was and, from its nature, must have been indefinite, yet the means of finding what it was when due are plain. If this is not a good mortgage under the Code, then all mortgages for indemnity are bad. And we cannot think it was the intent to destroy the right of mortgage in the very class of cases in which they are most useful and proper.

If there be anything in law called an estoppel, it would seem that one who makes a mortgage upon land is estopped from denying he had title to the land, or at least such a right to it as authorized him to make the mortgage. It is, in the first place, a deed, and it is a settled rule that one is estopped by his deed even if the donee have not acted on it.

Again, in this case it is clear that the mortgagee advanced his money on the faith of this deed, and this would make it a good estoppel *in pais.* So far, therefore, as the mortgagees are concerned, they are estopped from denying their right to make this mortgage according to its terms, unless, indeed, they set up fraud in the mortgagor, which they do not do. As to the other parties they have no business here. They

are not creditors of the mortgagors and do not, therefore, come in under section 3903 of the Code, or the amendment of 1866, section 3892. And even were they creditors I, for myself, doubt if they would not have to show fraud or intent to defraud them. But these parties come in as claimants to the land. They cannot be heard in this contest. This is a proceeding to make effective upon the rights of the mortgagors in this land a lien they have put upon it. The judgment binds them and those claiming under them, them and their privies, and nobody else. If they have no title, the mortgagee has nothing ; if they have title, he gets in this proceeding a judgment authorizing that title and nothing else to be sold. The issue is between the mortgagors and mortgagee, and other claimants to the land have nothing to do with it. The mortgagees have a right to go on, get their judgment, levy on the land and sell it. After the judgment the other parties may, under our claim laws, claim it, or they may stand by their rights as owners in an action of ejectment. None of these parties except the mortgagors have any rights in this proceeding, nor are any of their rights or interests affected by it. Judge COLE was right, therefore, in refusing the continuance, and the judgment is right.

Judgment affirmed.