73  101
104 143
104 436

| 73  | 101 |
| f111 | 205 |

## HALL *vs.* DAVIS, receiver.

1. The defendent was estopped by his deed from denying title to the mortgaged premises, and neither he nor the court, at his suggestion, could intervene for the protection of the rights of a third person, who would not be bound by a judgment to which he was not, and could not be made, a party. Code, §3965; 36 *Ga.*, 499; 46 *Id.*, 133; 58 *Id.*, 178.

2. To the foreclosure of a mortgage a defendant may set up any defence which he might set up in an ordinary suit instituted on the debt or demand secured by the mortgage, and which would go to show that the applicant was not entitled to the foreclosure sought, or that the amount claimed was not due. Therefore a plea which denied that the debt was due, and alleged want of consideration and fraud in the procurement of the draft to secure which the mortgage was made, should not have been dismissed on demurrer. Code, §§3964, and citations, 2690, 2739, 2751, 3173, 2785, 3967; 53 *Ga.*, 214.

Judgment reversed.

March 4, 1884.

HALL, Justice.

[Davis, receiver of Welch & Bacon, proceeded to foreclose a mortgage on certain land, against W. J. Hall. Defendant filed a plea, in brief, as follows: The land of which that involved in this suit was a part was purchased by defendant's father, W. W. Hall, and one Rutland, jointly, and a deed taken in the name of Rutland. On a division, the mortgaged land fell to the share of defendant's father. There was a judgment outstanding against him at the time, and Welch & Bacon were afraid it would interfere with the collection of their claim against him. They induced defendant, who was young and inexperienced, to take a deed from Rutland in his name and give the mortgage to them, assuring him that they would not hurt him, and promising that W. W. Hall should also sign the notes and mortgage; that he was then absent, and never authorized the mortgage or the taking of the deed by defendant, and always claimed the land and does so yet; that there was no consideration for this defendant to sign

the notes or mortgage; that he did not and never had owed the debt to Welch & Bacon; and that he had been fraudulently induced by them to sign without consideration, on the assurances and promises stated; and that W. W. Hall was insolvent.

On demurrer, these pleas were stricken, and a rule absolute was granted. Defendant excepted.]