## HILL *et al. v.* O'BRYAN BROTHERS *et al.*

1. Where a party defendant in an equitable cause fails to move for a new trial during the term of the court at which a verdict has been rendered against her, and has obtained no order of court nor consent of adverse parties allowing time in which to file such motion, she can not afterwards during vacation be heard in excepting to the verdict by making herself a party movant to a motion for new trial duly filed by one who had become a party to the cause by intervention.

2. If one gives a mortgage on land in his possession, to which he at the time has no title, but afterwards acquires title to the same, such title enures to the benefit of the mortgagee, and the mortgage lien attaches to the land, as against the mortgagor, the moment the mortgagor's title thereto is acquired.

3. The same rule applies when all liens upon the land are divested by a judicial sale thereof as the property of the owner, and she becomes entitled to a part of such proceeds, and transfers her rights thereto to the mortgagor. An equitable lien upon the fund thus transferred at once attaches to it as against the mortgagor.

4. Such a lien attaches as against the rights of a transferee of the property from the mortgagor, when the transferee does not occupy the position of an innocent purchaser or creditor.

5. It follows from the above, that when a mortgagor goes into the possession of land under a sale from another who has not the title, but holds possession with the knowledge and consent of the owner, and gives upon the land mortgages to secure his debt, and afterwards a judgment is rendered in favor of one who held a deed to the land from the owner to secure a debt, directing that the land be sold, and, after payment of the judgment, that the residue of the proceeds be paid to the owner; and where the owner transfers her interest in the judgment to the mortgagor above mentioned, without any consideration save a desire to carry out the trade originally made by the mortgagor with his vendor; and where the mortgagor transfers the judgment to another creditor of his to secure an antecedent debt, which transfer is made pending the suit brought by the mortgagees to subject the land, or its proceeds, to their debt, the mortgagees have an equitable lien upon the fund realized by sale under the judgment mentioned, superior in dignity to the claim of the last-named transferee. .

Argued February 16, — Decided April 12, 1898.

Equitable petition. Before Judge Fite. Whitfield superior court. April term, 1897.

In 1888 R. H. Baker sold land to Ledford & Ridley for $2,-000, executing to them a bond for title, and agreeing to deliver possession of the land on January 1, 1889; the purchasers agreeing to pay $500 cash on the delivery of possession, and giving for the balance of the purchase-money three promissory notes,

each for $500, due respectively in 1890, 1891, and 1892. The cash payment was made, and the purchasers took possession of the land, and conducted thereon a farm and mercantile business. Ledford subsequently bought Ridley's interest in the land and the business, and continued in the business. He contracted debts to O'Bryan Bros., Manier & Co., and M. L. Ross, and on May 20, 1890, in order to secure the indebtedness, executed to them mortgages upon the land, of equal date and dignity, subject to the balance due upon the purchase-money of the land, which was the amount of the two notes falling due in 1891 and 1892; the note due in 1890 having been paid. Of. the money paid by Ledford to take up the first note, $100 was advanced to him by O'Bryan Bros. and Manier & Co., and they also took up the second note. On May 18, 1891, Ledford, by a written assignment dated May 18, 1890, transferred to these mortgagees, as additional security for his indebtedness to them, the bond for title which had been executed to him by Baker. Subsequently these creditors learned for the first time that Baker never had title to the land, but that at the time of the sale by Baker to Ledford the title was in Mrs. Baker's father, Dr. Foute, who died intestate in May, 1890, and that there was an understanding in the family that Mrs. Baker was to have the land. Conveyances to Mrs. Baker, covering the land, were obtained from the other heirs of Dr. Foute, and on January 1, 1892, Mrs. Baker executed a deed to it to F. T. Hardwick, of the firm of C. L. Hardwick & Co., which firm held the last of the purchase-money notes given by Ledford to Baker; the deed reciting a consideration of $2,000, and appearing upon its face to be absolute, but being in fact executed as security. In September, 1893, Hardwick & Co. filed an equitable petition against Mrs. Baker; alleging that the deed to F. T. Hardwick was taken for their benefit, and praying that the land be sold, and that the proceeds of the sale be applied to the payment of their debt, and the balance paid to Mrs. Baker. Mrs. Baker answered, consenting that a decree be taken as prayed for; and on October 10, 1893, a decree was accordingly taken.

On November 24, 1893, O'Bryan Bros., Manier & Co., and M. L. Ross brought the petition in the present case against

Hardwick & Co., R. H. Baker, Mrs. Baker, and the sheriff, setting out the facts, in substance, as above stated, and alleging among other things that the deed from Mrs. Baker to F. T. Hardwick was taken for the benefit of the petitioners as well as Hardwick & Co.; and they prayed that a sale of the land, which was then about to be made under an execution issued upon the decree in favor of Hardwick & Co., be enjoined, that the title be decreed to be in Ledford, and that the land be sold, and the proceeds applied first to the purchase-money, then to the mortgage liens of the petitioners, and the remainder, if any, be paid to Ledford. · By amendment, discovery from Baker and Mrs. Baker was prayed, as to whether the sale of the land by Baker to Ledford was authorized or ratified by Mrs. Baker, etc. Answers were filed by Baker and Mrs. Baker, from which it appeared that she knew he was selling the land, and made no objection, but that, so far as she knew, she received none of the proceeds. It also appeared that at the time of Ledford's purchase he knew the state of the title. After the filing of the petition in this case, Mrs. Baker gave to Ledford a paper as follows: "Georgia, Whitfield County. For value received, I hereby transfer to John L. Ledford all my right, title, and interest under a decree of the superior court of Whitfield county, at the last term of said court, in the suit brought by C. L. Hardwick & Co. vs. myself, except that a judgment against the said John L. Ledford for about sixty-five dollars principal, in favor of O'Bryan Bros., of Nashville, and a debt due me by said Ledford of about sixty-one dollars and eighty-five cents, with interest due on the said last-named debts, must first be paid. November 25, 1893. [Signed] Martha E. Baker." Subsequently Ledford transferred his interest under this paper by an indorsement thereon as follows: " For value rec'd, I hereby transfer the within to Geo. W. Hill. Nov. 28, 1893. [Signed] J. L. Ledford." Hill filed an intervention, and was made a party defendant.

In her answer, Mrs. Baker stated that she received no consideration for this assignment to Ledford, other than her desire to carry out the trade as made by her husband in selling the land, so as to protect the parties. She desired that the decree

made for the sale of the land, in favor of Hardwick & Co., be enforced, and the amount decreed in favor of Hardwick & Co. first paid; that the judgment of the petitioners for the balance of the third purchase-money note be paid, and she be then paid $64, with interest due her by Ledford; and that the balance of the proceeds of the sale go to Ledford, or to his benefit. The court refused an injunction, and the sheriff was directed to proceed with the sale, and to pay from the proceeds Hardwick & Co.'s debt, and hold the balance subject to the further order of the court. The sale took place, and the balance remaining in the sheriff's hands after paying Hardwick & Co.'s debt was $560.23. This amount the sheriff, without any order of the court so directing, paid to Hill. Upon the trial the jury rendered this verdict: "We, the jury, find that the sale under the C. L. Hardwick & Co. fi. fa. *vs.* Mrs. Baker stand, and find that issue in favor of Hardwicks, and that the money from the sale, after paying Hardwick & Co., be paid to plaintiffs." A motion for a new trial, upon general grounds, was filed by Hill, and a rule issued October 24, 1895, calling upon the plaintiffs to show cause why the motion should not be granted; and on November 23, 1895, an amendment was filed by Mrs. Baker, stating that, by leave and consent of movants, she makes herself a party to this motion, and asks the court to grant her a new trial on the grounds stated therein. Afterwards the movants amended the motion by adding other grounds, which complained of instructions of the court to the jury, and the refusal of the court to charge as requested touching Baker's authority to sell the land, and as to what would constitute ratification or an estoppel on her part, etc. The motion was overruled, and the movants and R. H. Baker excepted.

*R. J. & J. McCamy*, for plaintiffs in error.
*Jones, Martin & Jones*, contra.

LEWIS, J. The official report, with such additional facts as are brought out in this opinion, is sufficient to a clear understanding of the rulings embodied in the headnotes.

1. Section 5484 of the Civil Code declares that "All applications for a new trial, except in extraordinary cases, must be

made during the term at which the trial was had; and when the term continues longer than thirty days, the application shall be filed within thirty days from the trial," etc. It appears from the record in this case, that Hill, one of the plaintiffs in error, was not a party to the original suit which was brought against Mrs. Baker and others, but he was made a party by an intervention filed by himself with a view of obtaining a portion of the proceeds of the sale of the land in question. Any recovery that might have been had by him would necessarily have been separate and distinct from any finding in favor of Mrs. Baker, as they were not claiming any part of the fund in common. Mrs. Baker failed to file any motion, or to join in the motion filed by Hill, during the term of the court at which the trial was had. About a month afterwards she made herself, as it were, a party movant in vacation to the original motion filed by Hill, reciting that it was with the movant's consent. No order appears in the record allowing such an amendment, and no service thereof on the opposite party or his counsel. We know of no statute or rule of law where one party in such a case can in this way move to set aside a verdict against herself after the time required by law for such motion has expired, the motion not being based upon extraordinary grounds. We think, therefore, that the contentions of Mrs. Baker can not be further considered; and we will now proceed to discuss the relative rights of the remaining plaintiff in error and the defendants in error to the money involved in this litigation. While the intervention filed by Hill is not in the record, yet he can obtain no more relief than what the evidence authorizes.

2. It appears from the record, that at the time of the sale of the land by Baker to Ledford and Ridley, the title was in Foute, the father of Baker's wife, and that Foute advised the sale. It was generally understood, however, by Foute and his family, that Mrs. Baker should own the land, but how she should acquire it is not definitely shown. It further appears in the record, that she knew of this sale and did not object thereto. She afterwards, however, acquired the paper title by getting a quitclaim deed from all the other heirs of Foute

after his death. She then made a deed of the land to Hardwick, to secure a debt due Hardwick & Co., on one of the purchase-money notes given by Ledford; and by virtue of a judgment of court rendered against her in favor of Hardwick & Co., the land was ordered sold, and the residue of the proceeds, after satisfaction of the Hardwick & Co. debt, to be paid her. Her interest in this judgment was transferred by her to Ledford, the person who had created mortgages upon the land in favor of the defendants in error. Mrs. Baker stated in her answer, that she "received no consideration for this assignment to Ledford, other than her desire to carry out the trade as made by her husband in selling said lands so as to protect the parties." It was urged by counsel for defendants in error, that in the original sale of the land by Baker he was acting simply as agent for his wife, and that her subsequent conduct amounted to a ratification of the sale; but under the view we take of this case, we do not deem it at all important to go into this question of agency or ratification. The defendants in error, who held the mortgages from Ledford on the land, brought their petition to restrain the sale under the judgment in favor of Hardwick & Co., who held the deed from Mrs. Baker. On the hearing of the application for injunction the court refused the same, but directed that the land proceed to sale, and, after the satisfaction of the Hardwick & Co. debt, the residue of the proceeds of the sale be held by the sheriff until further order of court. The land was accordingly sold, and the sheriff, after applying the proceeds to the judgment in favor of Hardwick & Co., paid the balance, without authority, to Hill. Manifestly then Hill acquired no rights by virtue of this payment. The case should, therefore, be considered just as if this fund was in court for distribution; and we will now proceed to inquire, who had the superior right to it, Hill, or these mortgage-creditors of Ledford?

It is a well-settled principle of law, that "If a vendor convey land by deed to a vendee before he has title himself, and afterwards the vendor acquires title, his subsequent title enures to the benefit of the vendee, and complete title is vested in the vendee the moment the vendor acquires it." *Parker* v. *Jones,*

*57 Ga.* 204; *Terry* v. *Rodahan,* 79 *Ga.* 292; *Lathrop* v. *White,* 81 *Ga.* 35.　The same principle can be invoked in behalf of a mortgagee as against the mortgagor, when the latter, at the time of the execution of the mortgage, has no title, but afterwards acquires title to the mortgaged property.　1 Jones on Mortgages, § 138; Christy *v.* Dana, 34 Cal. 548.　The idea upon which this rule is based is, that when one gives a mortgage upon land to secure a debt, he is estopped by the recitals in his contract creating the lien from denying his title to the mortgaged premises.　*Boisclair* v. *Jones,* 36 *Ga.* 499; *Allen* v. *Lathrop,* 46 *Ga.* 133; *Usina & Jones* v. *Wilder,* 58 *Ga.* 178; *Hall* v. *Davis,* 73 *Ga.* 101.　It is true Judge Nisbet, in the case of *Butt* v. *Maddox,* 7 *Ga.* 503, uses this language: "Subsequently acquired title will not relate back to the date of the mortgage, and create a lien which the mortgage itself does not create."　But this was mere obiter.　It appeared in that case that to the levy of a mortgage fi. fa. a claim had been interposed by a third party.　It was simply decided that, before claimant could be put on exhibition of his title, the plaintiff in fi. fa. must show either title or possession in the mortgagor at the date of the mortgage.　See p. 495, 2d headnote.　Besides, in the light of the facts in that case, it was manifestly not the intention of the learned judge to declare a rule of law different from what is embodied in the decisions above cited.　He was dealing with the rights of third parties, and not with the rights of the mortgagor, nor even with those claiming under him with notice.　The same is true of the case of *Gunn* v. *Jones,* 67 *Ga.* 398, which affirms the ruling in 7 *Ga.*　The rights of third parties were also involved in that case.　Assuming, therefore, that Ledford, when he created mortgages on this land in favor of the defendants in error, had no title to the land, yet if he afterwards acquired title, the mortgages that moment attached to the land, as against him.

3. It is true Ledford did not afterwards acquire title *to the land,* but he did obtain from Mrs. Baker a transfer of her interest in the Hardwick & Co. judgment.　This was tantamount to a transfer of all her interest in the land; for that judgment defined her interest in the property, which was the

right to have the balance of its proceeds, after payment of the Hardwick & Co. debt.    This residue of the fund thus raised by a sale of the land under the proceedings had in this case manifestly stood in lieu of the land, and whatever lien, legal or equitable, attached to the land in favor of Ledford's mortgage-creditors was transferred to the fund.    It follows, therefore, that when Mrs. Baker transferred her interest in the judgment to the mortgagor, Ledford, he took the transfer subject to the lien which he had created in favor of his mortgagees.    We do not see upon what principle of law or equity Ledford himself could assert title to this fund as against the lien of these mortgage-creditors.

4. But the plaintiff in error, asserts title by virtue of a transfer to him by Ledford of the Hardwick & Co. judgment.    Hill, by this transfer, acquired all the rights, and no more, that Ledford had in the property.    It is not claimed that Hill was an innocent purchaser without notice, for the litigation in court over the fund was notice to him, the mortgages having been foreclosed, and the mortgagees having filed their suit to subject the land or its proceeds, before the transfer was made to Hill. Besides, the record shows that the transfer to Hill was made to secure an antecedent debt due him by Ledford.    Hill, therefore, did not extend any credit upon the faith of Ledford's ownership of the property.    This is an equitable proceeding, and, as before indicated, equity will treat this fund just as it would the land, had it been dealt with by the parties instead of its proceeds.    Conceding, therefore, that Mrs. Baker originally owned the land, when she transferred it, or her interest in the proceeds of the sale, to Ledford, the mortgagor, the mortgage lien he created attached, and when he transferred to Hill, the latter taking no more interest than Ledford, the lien necessarily continued to attach to the fund.

5. We think, therefore, that the verdict of the jury finding in favor of these mortgage-creditors was demanded by the evidence; and even if there was any error in the rulings of the court complained of, they were harmless, and can not work a new trial.

*Judgment affirmed.    All concurring, except Cobb, J., absent.*