## FINCH *v.* WOODS.

1. In order "to sustain a voluntary conveyance against a subsequent bona fide purchaser for valuable consideration, notice to the purchaser must be *actual;* and the "registration of the conveyance is not such notice as will deprive" such bona fide purchaser of the preference to which he is entitled.
2. Applying the rule above announced to the facts of the present case, the court erred in directing a verdict in favor of the plaintiff, but ought to have directed a verdict in favor of the defendant.

Argued June 8, — Decided July 20, 1901.

Complaint for land. Before Judge Evans. Bulloch superior court. December 6, 1900.

*Moore & Deal*, for plaintiff in error. *H. B. Strange*, contra.

COBB, J. Martha A. Woods brought an action against Finch to recover possession of a described parcel of land. At the trial the court directed a verdict in favor of the plaintiff, and the defendant

made a motion for a new trial. The motion having been overruled, he excepted. Both parties claimed under Madison Woods as a common grantor. The plaintiff relied upon a deed from Madison Woods which conveyed to her a life-estate, with remainder to her children, dated November 4, 1875, recorded November 10, 1875, and reciting a consideration of five dollars and natural love and affection, the grantee being the wife of the grantor. The defendant claimed under a warranty deed from Madison Woods to him, dated January 27, 1899, recorded February 3, 1899, and reciting a consideration of $1,127. The plaintiff testified that her husband bought the land about thirty years ago, and that he deeded it to her. She further testified: "I did not buy it from him; he just deeded it to me. I never paid him anything for it, but I hope [helped] to pay for the land. I never paid him any consideration at the time this deed was made, any more than I helped to pay for the land." The defendant testified that he paid full value for the land, that the plaintiff was present when he bought it from her husband, that he did not know that she had any claim upon the land, and that he never knew of the existence of the deed from Madison Woods to his wife and children until some time in July or August, 1899, after he had bought the land. It is not necessary to determine in the present case whether a deed which recites as a consideration to support it love and affection and a nominal sum of money is a voluntary conveyance. Some courts hold that if there is a valuable consideration, no matter how trivial or inadequate, the conveyance is not voluntary; while other courts hold that a merely nominal money consideration will not save the deed from being classified as voluntary. See Bump. Fraud. Conv. (4th ed. by Gray) § 238, and notes; also Notes to Hagerman v. Buchanan, 14 Am. St. Rep. 739. A deed which purports to be founded upon a valuable consideration can be shown to have been based either upon simply a good consideration, or upon no consideration (Civil Code, § 3599); and when this is conclusively done, the deed stands as a voluntary conveyance, without regard to the consideration expressed therein.

The testimony of the plaintiff above referred to, which is all the evidence there is on the subject of what was the real consideration moving to Madison Woods in making the deed to his wife, clearly shows that the conveyance was purely voluntary and not intended by either the grantor or the grantee to be based upon other than a

consideration of love and affection. No money passed from her to him at the time the conveyance was executed. Love and affection is given the prominent place in the recital of the consideration, and the nominal amount of money stated in connection therewith negatives any idea that the parties intended the deed as a payment by the husband of any debt due the wife, or as a recognition by him of a resulting trust in her favor. Under the evidence of the plaintiff the jury would have been compelled to find that the conveyance was purely voluntary. This being true, the question arises which of the two deeds is entitled to preference, the earlier deed, founded upon a consideration of love and affection, or the younger deed, founded upon a valuable consideration? Both were duly recorded. If both deeds were founded upon a valuable consideration, then under the registry laws the deed which was prior in date, as well as prior in time of record, would be entitled to preference. But the registry laws were not intended for the protection of those who claim under voluntary conveyances. In *Fleming* v. *Townsend*, 6 *Ga.* 104, it was held that, to sustain a voluntary conveyance against a subsequent bona fide purchaser for a valuable consideration, notice to the purchaser of the prior voluntary deed must be actual, and that such a purchaser who has no actual notice is protected, notwithstanding the prior voluntary conveyance has been duly recorded. See also *Fowler* v. *Waldrip*, 10 *Ga.* 357; *Jordan* v. *Pollock*, 14 *Ga.* 145, 156; *Toole* v. *Toole*, 107 *Ga.* 472; *Byrd* v. *Aspinwall*, 108 *Ga.* 1. The uncontradicted evidence showing that the defendant was a bona fide purchaser for value at the time that he took his conveyance, and had no actual notice of the prior voluntary conveyance which had been made by Woods to his wife, the court erred in directing a verdict in favor of the plaintiff, but, upon the record as it now stands, should have directed a verdict in favor of the defendant.

*Judgment reversed.    All the Justices concurring.*