## PADEN *v.* PHŒNIX PLANING MILL.

1. The grantee in a deed conveying land to secure a debt, after maturity of the debt and refusal to pay by the grantor, may maintain an action for the recovery of the land; and in the absence of appropriate pleadings on the part of the defendant, asking equitable relief, the plaintiff may have a judgment for the recovery of the land.
 (*a*) A general demurrer was properly overruled.
2. While the deed which was the basis of the plaintiff's action in the present case recited that the debt to secure which the deed had been executed was evidenced by notes, it was competent on the trial for the plaintiff to prove that as a matter of fact the debt had been created but that the defendant had failed to give the notes which it was intended that he should give.
3. By defending the action the defendant admitted possession, and no evidence of this was required.
4. The judge did not err in directing a verdict.

May 15, 1913.

Complaint for land. Before Judge Bell. Fulton superior court. January 20, 1912.

*James L. Key,* for plaintiff in error. *George B. Rush,* contra.

Beck, J. The Phœnix Planing Mill, a corporation, brought complaint against L. W. Paden to recover possession of a certain tract of land. It was alleged in the petition that plaintiff "claims title to said land, being seized thereof in fee, as per abstract of title and deed hereto attached, marked exhibit 'A' and made a part hereof." The deed referred to as constituting an abstract of . title was one in which the defendant was the grantor and the plaintiff the grantee, and conveyed ˙the land in controversy to the grantee, "its successors and assigns, forever." It is recited in the deed that it "is given under and by virtue of sections 2771, 2, 3, 4,

and 5 of the Code of Georgia of 1895, to secure the payment by the said first party to the said second party of the sum of Eight Hundred Dollars, . . in monthly installments of $10 each, beginning on or before April 3, 1906, and running regularly forward on or before the 3rd of each succeeding month, with interest from date, . . as evidenced by eighty (80) notes executed and delivered by the said party of the first part." And it is further stipulated in the deed that "if the party of the first part [the grantor] shall well and truly keep and perform all and singular the covenants, conditions, stipulations and agreements herein contained, then the property hereby conveyed shall be reconveyed by said party of the second part to the said party of the first part, his heirs, executors, administrators, and assigns, by quitclaim deed or by satisfaction and cancellation as provided by law." By amendment to the petition it was alleged that the debt to secure which the deed was given had not been paid, was past due, and had been demanded, and payment refused. The evidence sustained the allegations of the amendment.

1. The court did not err in refusing to sustain the general demurrer to the petition as amended; the demurrer being based upon the ground that the petition as amended did not state a cause of action. The allegation in the petition that the plaintiff was seized of the land in fee, as shown by the deed attached as an exhibit, indicated clearly the title relied upon by the plaintiff; and title of this character, supplemented with proof that the debt after it became due remained unpaid, authorized a recovery by the plaintiff of the possession of the land, in the absence of equitable or other pleadings showing that the plaintiff was only entitled to a verdict and decree or judgment for the amount of the debt, and making this a special lien upon the land. *Wofford* v. *Wyly*, 72 *Ga.* 863; *Polhill* v. *Brown*, 84 *Ga.* 338 (10 S. E. 921).

2-4. The second, third, and fourth headnotes require no elaboration.　　　　*Judgment affirmed.　All the Justices concur.*