## OLIVER v. HOLT.

FISH, C. J.  1. "A general warranty of title against the claims of all persons includes in itself covenants of a right to sell, and of quiet enjoyment, and of freedom from incumbrance." Civil Code, § 4194.  "A general warranty of title in a deed against the claims of all persons covers defects in the title though known to the purchaser at the time of taking the deed." Civil Code, § 4195.

2. Where a vendor conveys land with a general warranty, though at the time he may not own an undivided interest therein, if he subsequently acquire such interest it will pass at once to the warrantee.  *Parker* v. *Jones*, 57 *Ga*. 204 (3); *Hadaway* v. *Smedley*, 119 *Ga*. 264 (46 S. E. 96).

3. Equity has jurisdiction in cases of partition whenever the remedy at law is insufficient, or the circumstances render the proceeding in equity more suitable and just. Civil Code, § 5355. Upon an application for partition in any extraordinary case not covered by the statutory provisions, the court may so frame its proceeding and order as to meet the exigency of the case, without forcing the parties into equity; and the court may deny a sale or partition altogether, if it is manifest that the interest of each party will not be fully protected. Civil Code, § 5368.

4. But where an applicant for partition under the statute alleged that he had the legal title to an undivided one-fourth interest in a described parcel of land, and the defendant in such proceeding filed a protest denying the title of the applicant, and upon the trial introduced in evidence a deed from the applicant to himself, conveying the entire property with a general warranty, in the absence of any appropriate pleading seeking to reform the deed the applicant could not obtain a partition as to an undivided one-fourth interest in the land by introducing parol evidence to show that his warrantee knew that the applicant did not own a one-fourth undivided interest when he made the deed, and that he subsequently obtained such one-fourth interest at the instance of the warrantee.  *Smith* v. *Eason*, 46 *Ga*. 317 (2), (3).

5. The court erred in directing a verdict for the applicant in the partition proceeding.          *Judgment reversed.   All the Justices concur.*
                    DECEMBER 12, 1913.

Partition.   Before Judge Hawkins.   Johnson superior court. December term, 1912.

*J. L. Kent,* for plaintiff in error.  *Evans & Evans,* contra.