### In re CORBITT.

(District Court, S. D. Georgia, S. W. D. March 25, 1918.)

1. MORTGAGES ⬤⟲98—CONSTRUCTION—WHAT LAW GOVERNS.

   In determining in a bankruptcy proceeding the construction and effect of a mortgage, the law of the state where the land is located governs.

2. MORTGAGES ⬤⟲16—VALIDITY—ADVANCES.

   Under Civ. Code Ga. 1910, § 3257, declaring that no particular form is necessary to constitute a mortgage, but that it must fairly indicate the creation of a lien, and specify the debt to secure which it is given and the property on which it is to take effect, a mortgage to secure a note due, as well as any general or special balance due from the mortgagor up to the value of the property, which was described as being of the value of $5,000, is sufficiently definite to be valid as a mortgage for future advances up to $5,000; it appearing that the mortgagee, who was a cotton factor, contemporaneously with the execution of the mortgage, took from the mortgagor a written obligation to ship certain cotton to the mortgagee, who agreed to act as the mortgagor's factor.

3. MORTGAGES ⬤⟲48(2)—VALIDITY—SUFFICIENCY OF DESCRIPTION.

   A mortgage, which described the land as having a frontage of a certain number of feet and extending back a stated distance, and which set out the boundaries on each side, and further described the property as being the same which was conveyed to the mortgagor by a deed of certain date and recorded on a specified date, fully identified the land.

In Bankruptcy. In the matter of A. Corbitt, bankrupt. On exceptions to the report of the referee, sustaining the claim of the mortgagee to the proceeds of certain property. Exceptions overruled, and referee's report confirmed.

R. A. Hendricks, of Nashville, Ga., for Bank of Willacoochee.

O'Byrne, Hartridge & Wright, of Savannah, Ga., for John Flannery & Co.

BEVERLY D. EVANS, District Judge. From the report of the referee it appears that certain real estate belonging to the bankrupt

---

and incumbered by mortgage to the John Flannery Company, and claimed by the Bank of Willacoochee under a deed of posterior date, was sold by the bankrupt's trustee under an order stipulating that all incumbrances, liens, and claims on the real estate be divested by the sale and attach to the proceeds. The proceeds of the sale amounted to less than the debt secured by the mortgage, and were awarded to the mortgagee, and the Bank of Willacoochee filed exceptions to the referee's report and to his conclusions of law and fact.

[1, 2] 1. The mortgage of the bankrupt to the John Flannery Company discloses that it was given "to secure the payment of the sum of five hundred and fourteen $^{33}/_{100}$ dollars, which I justly owe to said corporation, as evidenced by my certain promissory note, dated September 21, 1910, and made payable to their order on the 1st day of January, 1911, as well as any renewals in whole or in part thereof, and also any general or special balance due by me to said the John Flannery Company, up to the value of the property herein described." The mortgage further contained a statement that the hypothecated property was valued at $5,000. The mortgagee was a cotton factor, and contemporaneously with the execution of the mortgage took from the mortgagor a written obligation to ship a certain number of bales of cotton to the mortgagee, who had agreed to act as his factor for the sale of it during the season of 1910-11. The mortgagee advanced to the mortgagor various sums of money, and one of the questions made by the exceptions is whether such advances were secured by the mortgage. The contention of the Bank of Willacoochee is that the debt, represented by the advances, is not sufficiently described in the mortgage, so as to indicate any particular debt.

The construction of the mortgage, and its effect in this particular, are controlled by the Georgia statute (Civil Code 1910, § 3257) which declares:

"No particular form is necessary to constitute a mortgage. It must clearly indicate the creation of a lien, specify the debt to secure which it is given, and the property upon which it is to take effect."

Applying this Code section, the Supreme Court of Georgia has held that a mortgage on real estate, given to secure "advances" to be made by the mortgagee to the mortgagor for 1870, is not invalid for want of description of the debt intended to be secured; the debt specified being moneys advanced for carrying on the mortgagor's farm for the year 1870. Allen v. Lathrop, 46 Ga. 133. In construing the Code section, McCoy, J., said that:

The statute "requires that the debt or duty of the mortgagor shall be specified; it does not say that such duty shall be specific and precise. It may be indefinite, as to indemnify a surety for whatever he may pay in a certain event, or to hold one harmless for whatever may happen under certain circumstances."

This construction has been consistently followed, and future advances expressed in language similar to that employed in this mortgage, as being secured by the mortgage, have been held sufficiently definite to describe the debt intended to be secured. Hester v. Gairdner, 128 Ga. 531, 58 S. E. 165; Bank of Cedartown v. Holloway-Smith

Co., 146 Ga. 700, 92 S. E. 213. I think the mortgage sufficiently identified the debt as a certain described note, and future advances to the extent of $5,000.

[3] 2. The mortgage was upon two parcels of land. Each parcel was described as having a frontage of a certain number of feet, and extending back a stated number of feet, and the boundaries on each side of it being stated, and being further described as being the same property conveyed to the mortgagor by his grantor by deed of a certain date and recorded on a specified date, in a named book in the clerk's office of the superior court of the county where the land was located. This description fully identifies the land.

. 3. The main issue of fact was whether there had been an accord and satisfaction. The referee found in favor of the mortgagee on that issue, and the evidence amply supports his finding.

4. Other points raised by the exceptions are controlled by the foregoing rulings.

Let an order be taken, overruling the exceptions, and confirming the referee's report.