### MORRIS *v.* BUTLER.

JENKINS, Justice. In an ejectment suit by a grantee of the purchaser at a sale had in accordance with the powers conferred by a security deed, against the grantor in such deed, the plaintiff was not required to show title in himself other than by showing these facts. See *Carrington* v. *Citizens Bank*, 144 *Ga.* 52 (3, 4) (85 S. E. 1027) ; *Gilliard* v. *Johnston*, 161 *Ga.* 17 (2) (129 S. E. 434) ; *Ashley* v. *Cook*, 109 *Ga.* 653, 658 (35 S. E. 89) ; *Hamilton* v. *Rogers*, 126 *Ga.* 27 (4) (54 S. E. 926) ; *Paden* v. *Phœnix Planing-Mill*, 140 *Ga.* 46 (78 S. E. 412) ; *Bennett* v. *Green*, 156 *Ga.* 572, 579 (119 S. E. 620) ; Code, § 33-101. In such a suit a verdict was demanded in favor of the plaintiff, and the court did not err in so directing, where the defendant did not by any evidence attack the validity of the sale under the security deed or the validity of any of the deeds under which the plaintiff claimed, but relied only upon two defenses, one of them, that the defendant had become a purchaser of the land from the plaintiff's grantor, being in no wise sustained by evidence; and the other, that the defendant had acquired title to the land subsequently to the date of his security deed with warranty, being without merit, since in such a case it is the law that where a vendor, having no title to land, sells or mortgages the land to another, but afterwards acquires title, such title inures to the benefit of the vendee or mortgagee. *Parker* v. *Jones*, 57 *Ga.* 204 (3), 205; *Sikes* v. *Seckinger*, 164 *Ga.* 96, 103 (137 S. E. 833) ; *Oliver* v. *Holt*, 141 *Ga.* 126 (2) (80 S. E. 630).

*Judgment affirmed. All the Justices concur.*

No. 11987. NOVEMBER 11, 1937.

*J. P. Fowler*, for plaintiff in error.
*H. S. Brooks* and *S. P. Fleming*, contra.