## PETERSON *v.* PERRY *et al.*

No. 13608. MARCH 14, 1941. REHEARING DENIED MARCH 29, 1941.

818

*C. V. Baker* and *E. S. Chastain,* for plaintiff.

*R. A. Moore* and *Sapp & Barnes,* for defendants.

GRICE, Justice. The primary contention of the plaintiff is, that, by alleging a purchase of the land with the purchase-money fully paid, he showed that he had acquired a perfect equity, which was the equivalent to legal title. Whether the well-recognized principle contended for is applicable here we do not decide, because, if

we assume that under his allegations he did obtain title as against B. Peterson, he still is not entitled to prevail, for reasons hereinafter stated, against the defendant, who is the grantee in a chain of title originating in B. Peterson. It is the further contention of the plaintiff, that although his own alleged title is evidenced by no deed, it grows out of a bond for title executed by B. Peterson, which bond was recorded before the first .deed in Perry's chain of title; and in addition, that in each of the deeds, the dates of which are not shown, exchanged between the two devisees under the will of B. Peterson, through which the title of the defendant comes, there was a clause as follows: "Provided, however, that if any of the foregoing described or referred to lands are now held by other parties under bonds for title or contracts of purchase, any such tracts or parcels of land do not pass under this conveyance, but remain in the joint ownership of the parties hereto, and any purchase-moneys hereinafter collected thereon shall be used jointly by the parties hereto until divided between them, it being possible. that there may be several such contracts to purchase outstanding as to small tracts of said land." It is conceded by counsel for the plaintiff, and rightly so, that if the petition avers sufficient facts to show a legal title in his client, "then the only question is, did the defendant have notice of the plaintiff's claim of title and equity, or is defendant a bona fide purchaser without notice?" Our first law relating to the record of bonds for title was the act approved December 19, 1900 (Acts 1900, p. 68). It is therein declared that the record shall from the date of the filing "be notice of the interest and equity of the holder of such bond in the property therein described." The act of August 12, 1921 (Ga. L. 1921, p. 157), changes no provision of the act of 1900, supra. Our Code provision on this subject (§ 29-418) does not in express terms carry the provision next above quoted, but it does contain language to the effect that it loses its priority over deeds executed subsequently but previously filed for record, and taken without notice of the bond. The act of 1900 is still of force. See *Fender* v. *Hodges,* 166 *Ga.* 727 (144 S. E. 278), and cit. In *Gleaton* v. *Wright,* 149 *Ga.* 220 (100 S. E. 72), it was said that the primary intent and purpose of the act was to give notice to all persons dealing with the obligor, from the date of the filing of the bond, "of the interest and equity of the holder of such bond in the property therein described," so

that any one acquiring a lien on or title to the property after the filing of the bond would take the property subject to the interest and equity of the obligee in the bond.

If we take literally the words of the act, or apply a literal construction to the language of this court in the case last cited, it might be said that the record is notice of the equity of him who happened to be the holder of the bond, irrespective of whether that equity grew out of the covenants of the bond, or not. Such, however, is not what the act means. The phrase, equity of the holder, as there used, refers to such equity as he derives from the terms of the instrument. As applied to the facts set forth in the petition, it simply means that the record of the bond put the world on notice that if Emmett Peterson paid to B. Peterson two notes executed on May 20, 1907, each for five hundred dollars, one due six, the other twelve, months from its date, Emmett Peterson would become the equitable owner of such title as B. Peterson had to the land therein described. Such bond could not be used as a hook on which to hang any other equity which Emmett Peterson might have to the property, nor could it serve as a springboard for his assertion that under some other contract he had with B. Peterson an equity arose. It can not be said to arise out of the bond when, as here, the obligee therein in a petition asserting rights thereunder makes the allegations concerning it which are set out in the statement above, to wit, that no notes were ever made or delivered, or intended to be delivered; that the instrument was a nudum pactum; that he did not accept the same with the intention to be bound by its recitals to pay the two notes, nor did he promise to buy the land, but that he accepted said bond only as an offer on B. Peterson's part to sell; and that the bond was unilateral and without any present consideration. Compare *Finch* v. *Woods,* 113 *Ga.* 996 (39 S. E. 418) ; *Scott* v. *Atlas Savings & Loan Asso.,* 114 *Ga.* 134 (39 S. E. 942). The facts which he himself pleads, in addition to the summary given above, do not save him. The decisions in *Elrod* v. *Bagley,* 150 *Ga.* 329 (103 S. E. 84), s. c. 154 *Ga.* 670 (115 S. E. 3), relied on by the plaintiff, ruled nothing to the contrary. There the plaintiff had fully complied with the conditions of the bond for title, fully paying the purchase-price as stipulated, and went into possession. Nor does *Paden* v. *Phœnix Planing Mill,* 140 *Ga.* 46 (78 S. E. 412), sustain him. There it was held

that it was competent on the trial for the plaintiff to prove that as a matter of fact the debt had been created, but that the defendant had failed to give the notes which it was intended that he should give. Nor is the case controlled by that line of decisions cited by plaintiff, holding in effect that a promise, although a nudum pactum when made, because the promisee is not bound, may become binding when he subsequently furnishes the consideration by doing that which he was expected to do. The language of the petition, that "Before purchase of said land defendant had constructive and legal notice of petitioner's claim to said land by reason of the recordation of plaintiff's bond for title," is the equivalent of an averment that the only notice relied on is that arising from the record of the bond. We hold that to be ineffective. It was not erroneous to dismiss the action, since the petition on its face showed that the defendant had a superior title, both parties claiming under a common source. *Judgment affimed. All the Justices concur.*