19466, 19481.  GUY *v.* POSS; and *vice versa.*

ARGUED SEPTEMBER 11, 1956—DECIDED OCTOBER 8, 1956—REHEARING DENIED DECEMBER 5, 1956.

*Stevens & Stevens, Robert L. Stevens,* for plaintiff in error.
*Kenneth Goolsby, Randall Evans, Jr.,* contra.

HEAD, Justice. 1. The evidence of the parties is in conflict as to whether the tract of 55 acres claimed by the defendant would be necessary to make the amount of 110 acres sold by him to the plaintiff, and there is no evidence that a survey has been made to determine this fact. However, the warranty deed from the defendant to the plaintiff described the land conveyed as being "110 acres, more or less," and it clearly appears that the boundaries given in the description in this deed include the tract of 55 acres claimed by the defendant. The deeds of the plaintiff and the defendant describe the land conveyed as being bounded on the west by the lands of Edmund Pettit. The defendant testified, in part, in this connection: "In describing the deed to Mrs. Mamie M. Guy that Pettit property was not on the west, that was a mistake. I did not own the land between Mrs. Guy's western line and the Edmund Pettit place when I sold that to Mrs. Guy. . . I signed the deed to Mrs. Guy for 110 acres, but I didn't make it. Mr. D. Guy made the deed up. Though I signed the deed, I do contend that I am not bound by the description I gave Mrs. Guy, because they made a mistake in here. . . As to if there is a mistake in the deed, did it include this 55 acres of land I am now claiming, in the boundaries I signed, yes." The deed from Eliza Reid and Henry Stone to the defendant, conveying 110 acres, more or less, described the property as bounded on the west by the lands of Edmund Pettit.

"The maker of a deed cannot subsequently claim adversely to his deed under a title acquired since the making thereof. He is estopped from denying his right to sell and convey." Code § 29-111. "If a vendor conveys land by deed to his vendee before he has title himself, and afterwards the vendor acquires title, his subsequent title inures to the benefit of the vendee, and a complete title is vested in the vendee the moment the vendor acquires it." *Donalson* v. *Yeates,* 173 *Ga.* 30 (7) (159 S. E. 856); *Hill* v. *O'Bryan Brothers,* 104 *Ga.* 137, 142 (30 S. E. 996); *Todd* v. *Williford,* 169 *Ga.* 543, 549 (150 S. E. 912); *Morris* v. *Butler,* 184 *Ga.* 845 (193 S. E. 883).

There were no pleadings in the case by the defendant seeking to reform his deed to the plaintiff. The testimony of the defendant that he did not own the property to the Edmund Pettit boundary at the time he made the warranty deed to the plaintiff,

and that he did not intend to convey a part of the tract described in his deed to the plaintiff, could not, in the absence of appropriate pleadings seeking reformation of the deed to the plaintiff, make an issue of fact for the jury. *Oliver* v. *Holt*, 141 *Ga.* 126 (4) (180 S. E. 630) ; *Kennedy* v. *Kennedy*, 183 *Ga.* 432, 440 (188 S. E. 722, 109 A. L. R. 1143).

Since the title of the plaintiff was perfected in the acquisition by the defendant of title to the property included in the description of the land previously conveyed to the plaintiff, the plaintiff was under no duty to bring any action against the defendant because of the recording of the deed under which he claimed title to the tract of 55 acres. There is no merit in the contention of the defendant that the plaintiff's action was barred by laches.

The pleadings and evidence in the case demanded a verdict for the plaintiff. It was error for the trial court to deny the motion for new trial on the general grounds. It is unnecessary to deal with grounds of the motion assigning error on excerpts from the charge of the court.

2.   In the cross-bill of exceptions the defendant assigned error on the denial of his oral motion to strike the petition. The petition stated a cause of action for equitable relief, and the trial court did not err in this judgment.

The defendant insists that the trial judge should have dismissed the motion for new trial because no written notice had been given to him or his counsel of the intention to present the brief of evidence for approval at a certain time and place. One of counsel for the defendant was present at the time the brief of evidence was presented to the court. When the original motion for new trial was filed, the other attorney for the defendant made the following acknowledgment: "Due and legal service of the within motion and order acknowledged, time, copy, and all other and further notice waived." The trial judge did not err in holding that this constituted a waiver of notice of the presentation of the brief of evidence. There is no abuse of discretion shown in the judgment of the trial court overruling the defendant's objections to the motion for a continuance by the plaintiff as to the motion for new trial.

The portions of the defendant's amendments to his answer which the trial court disallowed presented no issues which would

have authorized a verdict for the defendant. The defendant's evidence to which objections were sustained would not have supported a verdict for him, if it had been admitted. These assignments do not show reversible error.

*Judgment reversed on the main bill of exceptions; affirmed on the cross-bill. All the Justices concur, except Wyatt, P. J., not participating.*