WOODWARD *et al. vs.* BIVINS.

[Blandford, Justice, being disqualified, did not preside in this case ]

1 Under the act of 1876 (acts 1876, p. 51), courts of equity alone have jurisdiction of suits for the recovery of property which had been set apart as a homestead and exemption, and which had been theretofore sold. Where ejectment was brought for such property, a plea to the jurisdiction was not demurrable.

2. Where a homestead was set apart to the head of a family, under the laws of the state, and afterwards he was adjudged a bankrupt, and the premises were sold by his assignee, and bought by a purchaser prior to 1876, to an action of ejectment brought for the recovery of the property, a plea to the jurisdiction of a court of common law was properly sustained.

(a.) It will not be presumed that the bankruptcy was involuntary, or that the proceedings therein were irregular.

December 4, 1883.

Jurisdiction. Equity. Homestead. Bankruptcy. Presumptions. Before Judge WILLIS. Taylor Superior court. April Term, 1883.

Reported in the decision.

L. F. GARRARD; C. J. THORNTON; W. S. WALLACE, for plaintiffs in error.

W. A. LITTLE; JOHN PEABODY, for defendant.

HALL, Justice.

To this action of ejectment the defendant filed a plea to the jurisdiction of the court, " for that the suit was instituted, and is pending for the recovery of property which

had been set apart under the homestead and exemption laws of this state, and was thereafter sold to defendant, and that a court of equity alone has jurisdiction of said case, under the laws of this state, whereas the same was returned to, and now pending on the common law side of the court," wherefore, etc.

To this plea the plaintiff demurred, and the demurrer being overruled, and exception having been taken to the decision of the court overruling the same, issue was taken upon the plea, which was tried under an agreed statement of facts, to the effect that John L. Woodward, one of the lessors of the plaintiff, and father of the plaintiff's lessors in the second count of the declaration mentioned, as the head of the family, had the premises in question set apart and exempted to him as a homestead, under the constitution and laws of the state; that afterwards he was adjudged a bankrupt under the laws of the United States; that the premises had been sold by the assignee in bankruptcy, appointed by the court under said adjudication, and purchased at said sale by, and conveyed to, James H. Bivins, prior to the year 1876.

On this agreed statement of facts, the presiding judge held that the court had no jurisdiction of the case, but that a court of equity, under these facts, alone had jurisdiction; to which decision the plaintiff excepted. Upon this ruling, the jury returned a verdict, finding the issue on said plea in favor of the defendant. The demurrer to the plea was properly overruled. It was in the very terms of the act of 1876, p. 51, and set forth all the facts, which, under that act, deprived courts of common law of their jurisdiction, and conferred it upon courts of equity. Neither was there error in the ruling of the court nor the finding of the jury in favor of the plea, upon the agreed facts. 59 *Ga.*, 883; 64 *Ib.*, 747; 66 *Ib.*, 600. It would be improper to presume that the proceedings in bankruptcy, by which the premises in question were brought to sale, were irregular and unauthorized; nor can we infer that John L. Wood-

·ward was an involuntary and not a voluntary bankrupt. If the former fact had existed, and was deemed material, it should have been made clearly to appear, and have been inserted in the agreed statement of facts. It is scarcely doubtful if the fact of the proceedings in bankruptcy would have aided the case, even if they had been forced upon him. If any of the lessors of the plaintiffs have rights, these rights may be as effectually set up in a court of equity as in a court of law. The rights of all the parties could be more fully ascertained and definitely settled in that court than under this action of ejectment.

Judgment affirmed.