GEORGIA IRON AND COAL COMPANY *v.* ALLISON *et al.*

CANDLER, J. This was an action of ejectment. The plaintiffs relied upon paper title to an undivided four-fifths interest in the land sued for, and upon more than seven years' adverse possession under color of title to the entire tract. They showed a grant of the land from the State to Henry P. Thomas in 1836; devise by will of Henry P. Thomas (who died in 1863) to his wife, Ellen E. Thomas, for life, with remainder to their six children (two of whom died in the lifetime of their mother, one with and the other without issue) ; conveyance in 1889 by the four surviving children to Ellen E. Thomas of their undivided interests in the land ; and a deed by Ellen E. Thomas in 1890 to one of the plaintiffs, by which she sought to convey the entire fee. The evidence as to the continuity of the possession of the plaintiffs, and as to whether one of the tenants during the period of that possession held as the agent of the plaintiffs or the defendant, was somewhat conflicting. The defendant relied upon a chain of deeds beginning in 1866, and possession thereunder by its predecessors in title prior to the conveyance to the plaintiffs. The court directed a verdict for the plaintiffs for

the entire tract sued for, and left the question of mesne profits to the jury, who found for the plaintiffs $250. *Held:*

1. The evidence demanded a verdict for the plaintiffs for a five-sixths undivided interest in the property; but the evidence upon which it was sought to establish a claim to a prescriptive title to the remainder not being free from conflict, the jury should have been allowed to pass upon that claim. *King* v. *Sears*, 91 *Ga.* 589 (7).

2. There was some evidence to support the finding of the jury as to mesne profits.

3. The fact that the plaintiffs are suing for the entire fee does not prevent them from recovering an undivided fractional part. *Wolfe* v. *Baxter*, 86 *Ga.* 706. And in a case like the present, where there is evidence to sustain the contention of the plaintiffs that they are entitled to the entire fee, it is not necessary that they amend their pleadings in order to recover a fractional interest.

4. As the evidence demanded a finding for the plaintiffs for a five-sixths undivided interest in the land, and as the only effect of sending the case back for a new trial would be to prolong the litigation as to the remaining one sixth, the judgment will be affirmed, provided the plaintiffs will write off from the verdict directed in their favor a one-sixth undivided interest in the land, and also one sixth of the amount found by the jury in their favor as mesne profits; otherwise the judgment will be reversed.

> *Judgment affirmed, on condition. All the Justices concur.*

Argued November 16, — Decided December 20, 1904.

Ejectment. Before Judge Fite. Bartow superior court. August 15, 1904.

*John W. & Paul F. Akin,* for plaintiff in error.
*James M. Neel* and *John T. Norris,* contra.