## WILLIFORD *v.* DENBY.

1. It appearing from the plaintiff's equitable petition, that the lands sought to be recovered had been set apart as a homestead for herself and family, and had been sold, without an order from the proper court, to the defendant, who, upon paying a part of the purchase-money, had been put into possession, and the material allegations of the petition being undenied, the court did not err in directing a verdict in favor of the plaintiff, for "the premises in dispute," no judgment for mesne profits being insisted upon by the plaintiff.

2. An amendment to the pleadings which is disallowed in the court below is no part of the record. It should be embodied in the bill of exceptions,

or attached thereto as an exhibit, when a review of the refusal to allow the same is sought in this court.

Submitted July 18, 1906.—Decided March 1, 1907.

Equitable petition. Before Judge Mitchell. Tift superior court. December 14, 1905.

Cynthia Denby, for herself and as. next friend of a minor child, brought an equitable petition against Williford, to recover a certain tract of land, alleging, in substance, that he was in possession of the land; that she claimed it as a homestead, duly set apart to her and said minor child out of the estate of her deceased husband; that the defendant claimed the right of possession of the premises, under a pretended sale from her of the homestead estate, and that the sale was void "because it was homestead property, and because he fails to comply with the terms of the same and pay for it, he having paid only $200 of the purchase-money, and there is now due $1,300;" and that she offers to return the $200 paid to her on the place, if he will account to her for the rents and profits. The defendant, in his answer, alleged that "he purchased said place from petitioner in good faith, who claimed to have some kind of homestead on it, but she represented to defendant that she had a good right to sell the same, and did enter into a contract of sale with defendant, as shown by the attached contract." The contract attached to the answer contains the following language: "Cynthia Denby bargains and sells to B. F. Williford her home place [the premises in dispute], on which place there is a homestead and exemption of realty. . . The title of said place to be made to Williford as soon as the homestead and exemption is removed." The answer alleges that "since she [plaintiff] received the $200 she has refused to get an order to sell said land or to confirm said sale, and has demanded possession of defendant." The defendant prayed that the plaintiff "be forced to carry out her part of this contract, as she was of sound and disposing mind when she traded with defendant, and defendant agreed to give her $1,500 for said place, all it was worth at that time." The plaintiff demurred to the answer, on the ground that "it sets up no defense whatever, and shows that the defendant has no right to the land sued for, and is insufficient in law." The court sustained the demurrer, and directed a verdict for the plaintiff, "for the premises in dispute."

The defendant excepted, and assigned error upon these rulings, and upon the "striking and disallowing." of an amendment to his answer; but the amendment referred to is not set out in the bill of exceptions, nor attached thereto as an exhibit.

*John Murrow* and *W. J. Wallace,* for plaintiff in error.

*T. R. Perry,* contra.

BECK, J.   (After stating the foregoing facts.)

1. Taking the allegations in the plaintiff's petition which are not denied in the plea, a case was made which required the judge to direct a verdict in her favor.   It sufficiently appears from the petition that the lands to recover which the suit was brought had been set apart as a homestead to the family of plaintiff's deceased husband.   And there is nothing in the defendant's plea which can be construed into a denial of said allegations.   In fact, construing the entire plea together, with the exhibits attached thereto, and construing the allegations most strongly, as we should, against the pleader, it is manifest that the allegations in the declaration, setting up that the land was included in the homestead property duly set apart to the family of the deceased husband, were admitted. It was also admitted that the defendant was in possession of the lands in controversy; and it was admitted also that the land had been sold to the defendant without any order from the proper court. The defendant had only paid to the plaintiff $200 upon the purchase-price of the property; and it was charged in the petition, and nowhere distinctly denied in the plea, that the rental value of the land during the time that the defendant had the use and occupancy of the same was equal to the above sum; and if it was not, the plaintiff offered, upon accounting, to return to the defendant the balance.   But even if she had not made this offer to account and to pay the balance that might be found against her in the event that the sum which had been paid upon the purchase-money to plaintiff was greater than the rental value of the land during the time of the occupancy of the lands by the defendant, the plaintiff could maintain her action, inasmuch as she did not insist upon mesne profits.   Having sold the homestead lands and put the purchaser in possession without leave to do so, the head of the family could recover in a proper action.   The sale was a mere nullity. *Timothy* v. *Chambers,* 85 *Ga.* 267; *Harl* v. *Evans,* 80 *Ga.* 330.

The plaintiff properly brought her equitable action for the re-

covery of the lands. *McLellan* v. *Weston,* 59 *Ga.* 883; *Woodward* v. *Bivins,* 71 *Ga.* 589.

The defendant set up in one paragraph of his plea that he had "expended large sums of money in repairing said place, in having rails split and making fences, clearing up briars, sedges, logs, and trash, and repairing horse lot, yard fence, and chimneys; in fact the place was scarcely inhabitable when defendant got possession, and now it looks like a new place, with fruit trees trimmed, cross-fences built, and sedge rows cleaned up." But this portion of the plea was specially demurred to on the ground that it was "too indefinite and general, and not specific enough to be the basis of any charge upon said estate or against the plaintiff,"—an exception which seems to be well taken. But even when well pleaded, such matter could not be set up in bar of the right of recovery of the homestead lands themselves, no question, as we have seen, of mesne profits being involved.

2. Error is assigned upon the trial court's refusal to allow an amendment, tendered by the defendant. But the amendment which was disallowed is neither embodied in the bill of exceptions nor attached thereto as an exhibit; and in such a case this court will not consider the question raised by the exceptions to the refusal of the amendment. *Castellow* v. *Brown,* 119 *Ga.* 461; *Chatman* v. *Hodnett,* ante, 360.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*