## CARRIE *et al. v.* CARNES *et al.*

1. The owner of a tract of land, to whom a statutory exemption of homestead had been allowed, sold and conveyed his reversionary interest therein. Upon the termination of the homestead exemption the heirs of the deceased grantee brought an action to recover possession of the land from those claiming under the grantor. The evidence examined, and it is held that a verdict for the plaintiffs for the premises in controversy was properly directed.

2. In an action of ejectment wherein two demises are laid, it is not error to refuse a motion to require the plaintiff to elect on which demise he will rely for a recovery of the premises.

3. The statute (Civil Code of 1910, § 3417) does not require the ordinary to enter his approval on the schedule of property filed by a debtor seeking its benefit. All that is demanded is the making out of the schedule of the property claimed to be exempt, the return of such schedule to the ordinary, and the recording of the same by the ordinary in a book kept by him for that purpose.

4. A deed to five persons contained a recital that it was made in lieu of a deed to Mrs. W. (who was not one of the grantees) "by me, conveying this land, which deed I understand has been lost and is not on record." This deed was properly rejected as secondary evidence of the lost deed, because the existence of the alleged lost original was not established, and because the grantee in the alleged lost original was not the same as in the substituted deed. It was not admissible as an original deed, because a prior deed to the ancestor of the plaintiffs' lessors from the same grantor to the same premises (the genuineness of which was not contested) was already in evidence.

5. The evidence referred to in this division of the opinion was properly allowed.

6. There was no error in excluding from evidence the letter referred to in this division of the opinion, on the ground that it was hearsay.

7. The evidence was insufficient to show that the land conveyed to the husband was purchased with the wife's money. But conceding its sufficiency to show such fact, there was no evidence that the purchaser from the husband had knowledge of it.

(*a*) If a husband uses the money of his wife, with or without her consent, and thereby acquires title in himself to property, third persons who bona fide take title for value to such property will be protected.

MAY 11, 1916.

Ejectment. Before Judge Patterson. Cobb superior court. January 14, 1915.

*Hutchens & Hutchens,* for plaintiffs in error.

*J. J. Northcutt,* contra.

EVANS, P. J. This is an action of ejectment. Two demises were laid: one in the heirs at law of S. D. Cowan, and the other in his administrator. The defendants pleaded not guilty. No mesne profits were claimed, and a verdict was directed for the plaintiffs for the premises in dispute. The defendants made a motion for new trial, which was overruled, and they bring error.

1. The land originally was owned by I. B. Kendrick, who conveyed it to H. B. Williams by deed dated January 24, 1875. On the written application of H. B. Williams, dated December 20, 1878, the land was set apart as a statutory exemption to the applicant as head of a family consisting of his wife and four minor children. On January 14, 1879, H. B. Williams for a valuable consideration conveyed the land to S. D. Cowan, and yielded possession to his grantee. Subsequently Mrs. Sophronia S. Williams, wife of H. B. Williams, in behalf of herself and as natural guardian and guardian ad litem for her four minor children, brought suit in the superior court of Cobb county against S. D. Cowan, to recover the land. Attached to the petition was an abstract of title, showing: (1) deed from I. B. Kendrick to H. B. Williams; (2) claim of exemption of the premises, under sections 2040 and 2049 of the Code of 1873, for the benefit of complainants, approved by the ordinary of Cobb county on December 20, 1878, and duly recorded. Process was attached, and the defendant was served. The defendant consulted counsel, who advised him that the homestead claim of the plaintiffs was superior to his deed from the owner of the land, H. B. Williams, and advised him to surrender possession, which he did, and the homestead beneficiaries entered into possession. So far as the record discloses, the suit was not further pressed. The homestead estate terminated upon the death

of Mrs. Williams, the widow of H. B. Williams, in March, 1913, all of the children having previously attained their majority. The lessors of the plaintiffs in the present action in one demise are the heirs at law of S. D. Cowan, and the lessor in the other demise is his administrator, to whom letters of administration had duly issued. It will thus be seen that the plaintiffs and defendants claim under a common grantor. The deed from H. B. Williams to S. D. Cowan conveyed the title burdened with the exemption of homestead which had been allowed in the land to the widow and minor children of H. B. Williams. Neither the constitution of 1868 nor that of 1877 contains any provision forbidding the head of a family to alienate his reversionary interest in a homestead set apart under the statutory provisions now embraced in the Civil Code, 1910, §§ 3416, 3417. *Walker* v. *Hodges,* 113 *Ga.* 1042 (39 S. E. 480). Upon the termination of the homestead the heirs at law of S. D. Cowan or his administrator were entitled to the possession of the land. No possession adverse to the reversioner could arise pending the existence of the homestead, and the defendants could acquire no prescription based upon possession during that period of time. The suit was instituted within such a short period after the termination of the homestead that no prescription based on possession since that time could arise in the defendants' favor. As the claim for mesne profits was waived, it was not error to direct a verdict for the plaintiffs for the premises in dispute.

2. The defendants moved that the court require the plaintiffs to elect as between the two demises laid in the declaration. The court overruled the motion. At common law it was permissible for the plaintiff to lay as many separate counts, and to allege as many distinct demises, as he saw fit, and he was entitled to recover if any of his demises proved good. Powell on Actions for Land, §§ 21, 123, 161. The common-law action of ejectment, and the provisions of law applicable thereto, were not repealed by our pleading and practice acts. *Brewster* v. *Wooldridge,* 100 *Ga.* 305 (28 S. E. 43). The court properly declined to require an election by the plaintiffs as to which demise they would rely upon.

3. Objection was made to the reception in evidence of a certified copy of an exemption under sections 2040 and 2049 of the Code of 1873, set apart upon the application of H. B. Williams, on the ground that it did not appear that the claim of exemption had

been approved by the ordinary of Cobb county. Under the procedure provided in those sections, a debtor seeking its benefit shall make a schedule of the property claimed to be exempt and return the same to the ordinary of the county, who shall record it in a book to be kept by him for that purpose. Civil Code (1910), § 3417. The statute does not require the ordinary to do more than record it upon the proper record. Everything is to be presumed in favor of the regularity of the acts of public officers; and even if it was necessary that there should be an approval of the schedule, the record by the ordinary in the manner provided by the statute is sufficient to indicate such approval.

4. The defendants tendered in evidence a deed from I. B. Kendrick to Minnie Hilderbrand, J. H. Williams, Lula A. Carrie, B. C. Williams, and Edwin Williams, who were the real defendants in the case, dated April 2, 1914, and recorded November 13, 1914. The deed contained a recital that "This deed is made in lieu of a deed made to Mrs. Sophronia S. Williams by me, conveying this land, which deed I understand has been lost and not on record," and was made upon a consideration of five dollars and other considerations. The deed was excluded on the ground that it showed on its face that the vendor had no title to convey, and that it was executed in lieu of a deed which had been lost. It was not admissible as secondary evidence of the lost original, because the existence of the original deed was never shown, and for the further reason that the alleged lost deed was made to a different grantee. The plaintiffs had previously introduced a deed from the same grantor, executed in 1876, and recorded November 24, 1914. It appeared that this deed was in the possession of S. D. Cowan, who purchased from H. B. Williams. Its genuineness was not contested. An owner of land who conveys title to the same by deed, the genuineness of which is not attacked, has no further interest in the title which he can convey by a subsequent deed. It follows that inasmuch as there was no subject-matter upon which the excluded deed could operate, it was properly rejected.

5. The petition filed by Mrs. Sophronia Williams, in behalf of herself and as natural guardian and guardian ad litem of her minor children, against S. D. Cowan, to recover the premises in dispute, as having been set apart to them as a homestead exemption, was admitted in evidence over the objection that it was

immaterial. The petition was admissible as an admission in judicio that the title asserted by the wife and children of H. B. Williams was only to the homestead interest in the land, and explanatory, in connection with other evidence, as to the surrender of possession by Cowan to the homestead beneficiaries.

6. The court excluded a letter from W. J. Winn to W. K. Moore, dated February 18, 1885, concerning the litigation instituted by Sophronia Williams and her minor children against S. D. Cowan. The writer of the letter was the attorney of the plaintiffs who filed the petition, and it was addressed to another attorney, claimed to have been the attorney of Cowan. Both of these attorneys were dead. In the absence of proof showing that Cowan, also dead, was acquainted with the subject-matter of the letter, and acquiesced in or otherwise authorized the same, the letter was properly rejected as hearsay.

7. Testimony was offered for the purpose of showing that H. B. Williams used his wife's money in purchasing the land from Kendrick. That testimony was too uncertain to show that the consideration of the deed from Kendrick to Williams was furnished by the wife of Williams. But even if the testimony be regarded as sufficient to authorize such an inference, the title of Cowan would not be affected thereby, because there is no evidence that Cowan, when he purchased the land for a valuable consideration from Williams, had any knowledge that the wife's money was used in the purchase of the land. If a husband uses the money of his wife, with or without her consent, and thereby acquires title in himself to property, third persons who bona fide take title for value to such property will be protected. *Gorman* v. *Wood,* 68 *Ga.* 524; *Lewis* v. *Equitable Mortgage Co.,* 94 *Ga.* 572 (21 S. E. 224). But it is said that notice will be inferred from the fact that the husband and wife jointly occupied the land as a home at the time of the conveyance from Williams to Cowan. Joint residence of husband and wife on realty does not give notice of any claim of interest in it by the wife. *Neal* v. *Perkerson,* 61 *Ga.* 345; *Garrard* v. *Hull,* 92 *Ga.* 787 (20 S. E. 357). Furthermore, in the suit brought by the wife and her minor children against Cowan her claim of title was predicated upon a homestead set apart in the land as belonging to her husband. Besides, there was not pleaded any equitable defense of this kind.

*Judgment affirmed. All the Justices concur.*