## YEATES *et al. v.* DONALSON.

1. The title to land in this State is not changed when it is set apart as a homestead for the use of the beneficiaries. Only the use of the property is thus changed. It can not be alienated, except for reinvestment in the manner provided by law; and except also that the head of the family may convey his "reversionary interest" in the land, where the homestead was set apart under the constitution of 1868.

2. Homestead property is exempt from levy and sale, and can not be sold by virtue of any process whatever under the laws of this State, except in the manner provided by law.

3. Where under the constitution of 1868 a homestead was set apart in land of a husband as the head of a family, it can not be mortgaged for any purpose, since the adoption of the constitution of 1877, by the wife or any beneficiary of the homestead; nor can any beneficiary convey the title to such homestead property.

4. Even a purchaser in good faith of homestead property which is sold under judicial process (mortgage fi. fa.), and which is not subject to sale under the exceptions provided by law, acquires no title thereto.

5. Beneficiaries of a homestead who executed a mortgage to the homestead property, and who did not set up the homestead as a defense to the proceedings to foreclose the mortgage, are not estopped from setting up the homestead against the purchaser at the foreclosure sale, in an action of ejectment brought by the purchaser against the beneficiaries who remained in possession of the homestead property. Nor are they estopped on account of any partition proceedings between the plaintiff and the beneficiaries, or any of them, as a result of which the homestead property or some part thereof was awarded to the plaintiff.

6. Ejectment will not lie against the beneficiaries of homestead property, to recover its possession, although the plaintiff has a deed of conveyance from certain of the beneficiaries to the property, and a deed from the sheriff who sold the property at sheriff's sale under a mortgage fi. fa. which was based on a mortgage to the homestead property, executed by other beneficiaries of the homestead.

No. 101. NOVEMBER 14, 1917.

Ejectment. Before Judge Cox. Decatur superior court. December 29, 1916.

John E. Donalson brought ejectment against Mrs. Arkansas Yeates, James S. Yeates, and Jesse Yeates, to recover land described as lots numbered 264 and 265 in the 14th district of Decatur county. The defendants pleaded not guilty; and specially that the deed from Mrs. Arkansas Yeates to John E. Donalson, upon which the plaintiff relied, was void as having been obtained by duress. James S. Yeates Sr., the husband of Mrs. Yeates and the father of the other defendants, died long before the suit was brought, and owned the land at the time of his death. In his lifetime he took a

homestead in the land as head of the family consisting of himself, his wife, and the above-named children, and possibly others, all of whom had arrived at age long before the present suit was brought. Mrs. Yeates and the other defendants were in possession at the time of filing the suit.

The plaintiff claimed title as follows: (1) A deed from Mrs. Arkansas Yeates to John E. Donalson, dated Jan. 10, 1890, to the two lots in controversy. (2) A mortgage from Ed. Yeates and Mrs. Arkansas Yeates to S. Nussbaum, dated Oct. 17, 1888. Ed. Yeates was another son of James S. Yeates and Mrs. Arkansas Yeates. (3) A mortgage fi. fa. describing the land, based upon a foreclosure of the above mortgage, in favor of the Bank of Thomasville as transferee against Mrs. Arkansas Yeates and Ed. Yeates. (4) Sheriff's deed to the land, based upon the foreclosure of the mortgage and sale to John E. Donalson, dated July 1, 1890. (5) A deed from John E. Donalson, dated August 12, 1891, conveying a half undivided interest in the lots in controversy. (6) A deed from the Donalson Lumber Company, dated Dec. 18, 1899, conveying one half undivided interest in the lands in controversy to John E. Donalson. (7) Deed from Chattahoochee Lumber Company to John E. Donalson, dated Dec. 19, 1899, conveying a half interest in the two lots in controversy. (8) Partition proceedings between the Chattahoochee Lumber Company and John E. Donalson of the one part and James S. Yeates and Jesse E. Yeates of the other part, in which Donalson and the Lumber Company were awarded the west halves of the lots in controversy. The defendants introduced in evidence: (1) The homestead obtained Nov. 25, 1875, setting apart lots 264, 265, and 230 in the 14th district of Decatur county to James E. Yeates Sr., as head of a family consisting of Mrs. Arkansas Yeates, his wife, Ed. Yeates, J. S. Yeates Jr., and Jesse E. Yeates, children, as beneficiaries. (2) Deed from Ed. Yeates to Jim Yeates, Jesse Yeates, and Mrs. Arkansas Yeates, dated Oct. 22, 1888, conveying all his interest in the lots in controversy. The trial resulted in a verdict for the plaintiff. A motion for a new trial having been overruled, the defendants excepted.

*A. E. Thornton* and *Pope & Bennet,* for plaintiffs in error.

*Erle M. Donalson* and *Pottle & Hofmayer,* contra.

HILL, J. We are of the opinion that under the facts of this case the plaintiff was not entitled to recover. The children are of age, but Mrs. Yeates is still in life and in possession as a beneficiary of the homestead set apart in 1875, and as such entitled to the possession of the land in controversy. *Williford* v. *Denby,* 127 *Ga.* 786 (56 S. E. 1010). It is argued that the plaintiff had no knowledge of the existence of the homestead at the time he took the deed from Mrs. Yeates, or at the time of the sale under foreclosure proceedings, at which he bought. The answer to this contention is, that, even if actual or constructive notice is necessary in such a case, the record shows that Mrs. Yeates testified that she mentioned the homestead to Mr. Donalson before the foreclosure of the mortgage, and that she was in actual possession of the land. It is argued also, that, if the existence of the homestead at the time that Donalson bought was a good defense, Mrs. Yeates should have set up that defense to the foreclosure proceedings; and *Bank of Forsyth* v. *Gammage,* 109 *Ga.* 220 (34 S. E. 307), and other cases, are cited as authority in support of the contention that the due and unresisted foreclosure of a chattel mortgage, followed by a regular sale of the property, concluded the mortgagor from setting up any defense which he might have set up by counter-affidavit, and that it was binding upon him as head of a family. We do not think these cases are controlling. In the *Gammage* case there had been a waiver of homestead before the homestead was set apart, and the defense sought to be set up *after the judgment* was by the head of a family who had the homestead set apart, on the ground that the waiver was void because of usury. That makes a very different case from the present.

Under the constitution and laws of this State, homestead property can not be sold except in the manner provided by law. Const. art. 9, secs. 1, 2, 9 (Civil Code, §§ 6582, 6583, 6590). See § 3416. It has been held that the head of a family, in whom is the legal title to land set apart as a homestead under the constitution of 1868, can convey his "reversionary interest" in the land. *Aiken* v. *Weldon,* 139 *Ga.* 15 (76 S. E. 359). In the instant case the head of the family did not alienate; and it has never been held in this State, so far as we are aware, that a mere beneficiary can convey title to the homestead estate. Even if the legal title devolved on

22

the beneficiaries at the death of the head of the family, and if they could convey the reversionary interest, they could not convey the present homestead and right of possession. See Powell on Actions for Land, §§ 262, 263. "The setting apart of a homestead does not change the title; it changes only the use of the property. Any attempt at alienation (except for reinvestment in the method authorized by the statute) passes no title, at least no title of any potentiality during the life of the homestead — not even to the extent of estopping the head of the family himself from suing." Id. § 78. In *Planters Loan & Savings Bank* v. *Dickinson,* 83 *Ga.* 711 (10 S. E. 446), it was held: "Since the adoption of the constitution of 1877, a homestead, though taken under the constitution of 1868, can not be mortgaged for any purpose, either by the husband or by the wife who applied for the homestead out of her husband's property, he having refused to apply." And in *Phillips* v. *Taber,* 83 *Ga.* 565 (10 S. E. 270), it was held: "Purchase by defendant in good faith of property which had been set apart to plaintiff as an exemption, under judicial process against him, and which was not subject to sale under the exceptions provided by law, carried no title thereto. It could be recovered by plaintiff as the head of a family, though he was present at the sale and received the surplus from the sheriff." As said by Bleckley, C. J., in *Van Horn* v. *McNeill,* 79 *Ga.* 121, 123 (4 S. E. 111), "The constitution never contemplated that there should be any sale, if at all, until the whole could be sold." Neither Mrs. Yeates nor any of the other beneficiaries of the homestead property had authority to mortgage, encumber, or alienate the homestead property which had been set apart for the sole use of herself and her children under the constitution and laws of the State, the law nowhere providing for the encumbering or sale of it in the manner in which she did mortgage and convey it. It is the policy of our law not to permit the encumbering or alienating of homesteads. "The statutes relating thereto will be strictly construed, and the rights of the purchaser will be closely watched and never enlarged." *Whittle* v. *Samuels,* 54 *Ga.* 548, 549. If, therefore, the homestead property can not be mortgaged or alienated except in the manner provided by law; and there is no insistence that this case falls within the exception, the fact that the beneficiaries stood by at the proceeding to foreclose the mortgage, and either

failed or refused to set up the homestead as a defense, would not estop them, or either of them entitled as a beneficiary, from asserting their right of setting up the homestead as a defense in the ejectment suit. *Timothy* v. *Chambers, 85 Ga.* 267 (2), 272 (11 S. E. 598, 21 Am. St. R. 163). Nor would the fact that James S. Yeates and Jesse E. Yeates as beneficiaries, even if they were properly served, had participated in a proceeding to partition the homestead property, the result of which was to award the homestead or some portion thereof to the plaintiff, and that they acquiesced in that decision, estop Mrs. Arkansas Yeates, who was not a party to that proceeding, from setting up the homestead as a bar to recovery in the ejectment suit, on the ground that ejectment will not lie. But, under the view we take of the case, none of the defendants were estopped under the facts disclosed by the record. The above rulings being conclusive as against the right of the plaintiff in the court below to recover under the facts of this case, a consideration of the other questions raised in the record becomes immaterial. *Ach* v. *Milam, 118 Ga.* 105 (3), 111 (44 S. E. 870).

*Judgment reversed. All the Justices concur.*