## CANADY v. FLANDERS, executor.

Under the pleadings and the evidence the court did not err in awarding a nonsuit.

No. 2299. MAY 13, 1921.

Ejectment. Before Judge Hardeman. Emanuel superior court. October 11, 1920.

T. N. Brown, for plaintiff.

A. S. Bradley and J. Alex. Smith & Son, for defendant.

HILL, J. This case was formerly before this court. Canady v. Jones, 149 Ga. 607 (101 S. E. 582). It was then held: "Under the pleadings and the evidence in an action of ejectment the plaintiff's right to a recovery was limited to the second demise. It appeared that the defendant and the plaintiff's lessor in that demise each derived his title from a common propositus. It also appeared from the plaintiff's evidence that the defendant had been in open, notorious, and continuous possession under color of title for more than the statutory period of prescription, but there was some evidence tending to impeach the good faith of the defendant's possession. Held, that under the circumstances it was erroneous to direct a verdict for the defendant." On the trial of the present case, at the conclusion of plaintiff's evidence the court awarded a nonsuit, and to this judgment the plaintiff excepted. Both parties in the present case claim title from a common grantor. It appears from the evidence that in September, 1878, Madison Warren conveyed the land in controversy to Solomon and Martha Canady for a consideration of $1,000, and the deed was recorded on December 9, 1912. In September, 1882, E. L. Cowart, as administrator of Solomon Canady, sold and conveyed the land to Algerene Youmans. Youmans entered into possession of the land, and on his death G. M. T. Whitfield and N. R. Youmans, as administrators of Algerene Youmans, sold the land at public outcry to Allen Jones, and conveyed it by deed, September 2, 1884; and Jones went into possession of the land and held possession from that time until he died, and from that date subsequently to the present time his administrator has held possession. Canady, the plaintiff in the present case, claims title from Martha Canady by warranty deed dated March 28, 1881, purporting to convey the premises in dispute. The deed was recorded on December 9, 1912. The evidence shows that the

defendant has been in open, notorious, and continuous possession of the land in controversy under claim of title for more than the statutory period of prescription. But the plaintiff contends that the prescriptive title of the defendant was fraudulent, and therefore the defendant can not claim any rights thereunder. The plaintiff, William Canady, testified that his mother, Martha Canady, executed and delivered to him a deed in the year 1881, conveying the land in controversy, and that after the death of the plaintiff's father, Solomon Canady, E. L. Cowart, who was administrator upon the estate of Solomon Canady, went to the house occupied by plaintiff and his mother, and took "the papers," probably referring to the deed in question, and that he was never able to find where the deed was until later "when Nathan Youmans told me where the deed was. It was about nine years ago when I actually found the deed. I saw the deed then about nine years ago. This case had been filed at the time I saw them, and you notified me that you had them [referring to Col. Brown], and I came up here. These papers were taken out of my trunk. I also made further inquiries about them. I asked Mr. Jones about them. . . I think Mr. Jones bought this tract of land somewhere in 1884. Mr. Allen Jones has been in continual possession of that tract of land from 1884 on up to this time, or rather his estate is now in possession of it, and he had been in possession all the time until his death. I do not say that he has been in open possession of it; it has been continuous, however; his possession has been continuous, but the deeds were kept out of my sight; he had the land in his possession of course — he had the land in his open, notorious, continuous, and adverse possession to the world since 1884. I rented the place from him a year or two, and would like for you to [tell] me why he put me off of the place. I rented the place from him. I rented it from him five years." As stated above, the evidence shows that the defendant had been in open, notorious, continuous, and adverse possession of the premises in dispute above the prescriptive period; and therefore the burden was upon the plaintiff to show that this prescription did not originate in good faith, or, in other words, that it originated in fraud; and this burden the plaintiff has failed to carry. "In order to defeat a prescriptive title for fraud the claimant's written evidence of title, under which he went into possession of the property, must be shown to have been fraudulent within his

own knowledge, or notice thereof brought home to him before or at the time of the commencement of his possession." *Wingfield* v. *Virgin,* 51 *Ga.* 139 (2). And in the case of *Bower* v. *Cohen,* 126 *Ga.* 41, 42 (54 S. E. 918), it was held that moral and not constructive fraud vitiates prescription. And see *McDougald* v. *Reedy,* 71 *Ga.* 750. " The fraud which, under the provisions of section [4380] of the Civil Code, will relieve the bar of the statute of limitations, must be of that character which involves moral turpitude, and must have the effect of debarring° or deterring the plaintiff from his action." *Anderson* v. *Foster,* 112 *Ga.* 270 (37 S. E. 426). " Mere ignorance of the existence of the facts constituting a cause of action does not prevent the running of the statute of limitations." *Davis* v. *Boyett,* 120 *Ga.* 649 (2), 651 (48 S. E. 185, 66 L. R. A. 258, 102 Am. St. R. 118, 1 Ann. Cas. 386). While fraud will prevent prescription from running until it is discovered, the plaintiff must exercise reasonable diligence in discovering and detecting the fraud. See *Marler* v. *Simmons,* 81 *Ga.* 611 (8 S. E. 190) ; *Bennett* v. *Bird,* 139 *Ga.* 25, 27 (76 S. E. 568) ; *Knox* v. *Yow,* 91 *Ga.* 368 (5), 376 (17 S. E. 654). " Possession, to be the foundation for a prescription, must not have originated in fraud; but direct evidence of bona fides is not required. A presumption of good faith arises from adverse possession." *Baxley* v. *Baxley,* 117 *Ga.* 61 (4).

Applying the foregoing principles to the evidence in this case, the court did not err in granting a nonsuit. ·

*Judgment affirmed. All the Justices concur.*