VAUGHN, administrator, *et al. v.* VAUGHN.

ATKINSON, J. 1. " Parties who have taken a homestead of realty under the constitution of 1868 shall have the right to sell said homestead and reinvest the same, by order of the judge of the superior courts of this State." Constitution of Georgia, article 9, section 9, paragraph 1 (Civil Code, § 6590); *Yeates* v. *Donaldson,* 147 *Ga.* 335 (94 S. E. 465); Civil Code, § 3397. Where the head of a family and his wife, being the sole remaining beneficiaries of a homestead set apart in land under the constitution of 1868, apply to the superior court under the above-quoted provision of the constitution, and under the Civil Code, § 3397 (relating to sales of homestead property), for authority to sell the homestead property at private sale, for the purpose of reinvestment in other specified real estate, on the ground that the property to be obtained can be purchased for the price that the homestead estate will bring, and that the property to be obtained will be of equal value and produce more for rent than the homestead property, and on such application an order of sale for reinvestment is granted by the court, and the sale and reinvestment are duly made by the exchange of appropriate deeds between the parties in accordance with the order, and the sale is duly reported to the judge and the proceeding is ordered filed, and the provisions of the statute relating to such sales are otherwise carried out, the applicants for sale will be estopped thereafter from moving to set aside the deeds so executed between the parties, on the ground that there was a collateral understanding between them, not disclosed to the judge, that the exchange of the property would be made merely for convenience to enable the grantee of the homestead property to sell it at a higher price, and, if he failed to make a sale, that the deeds should be canceled.

2. Under the pleadings and the evidence, in a suit by the administrator of the head of the family and the widow, against the purchaser of the homestead property, to cancel the deeds and restore the parties to their original status, the court did not err in directing the verdict for the defendant.

　　*Judgment affirmed. All the Justices concur, except Hill, J., absent.*

　　　　　No. 2331. SEPTEMBER 30, 1921.

Equitable petition. Before Judge ·Terrell. Carroll superior court. October 9, 1920.

*T. G. Lewis* and *S. Holderness,* for plaintiffs.

*Lloyd Thomas* and *Smith & Smith,* for defendant.