DONALSON, executor, *v.* YEATES *et al.; et vice versa.*

ATKINSON, J. 1. Where land being the property of a head of a family has, upon his application, been set apart as a homestead, under the constitution of 1868, for the benefit of his wife and minor children, the effect of the setting apart of the homestead is not to change the title but only the use during the life of the wife and the minority of the children. And where in such circumstances the husband dies intestate before termination of the homestead, the property will remain his estate and descend to his heirs by inheritance, with the right of possession postponed until termination of the homestead. *Douglas* v. *Marshall,* 112 *Ga.* 423 (37 S. E. 722); *Griffin* v. *Griffin,* 153 *Ga.* 547, 555 (113 S. E. 161); Civil Code, § 3929.

2. After the setting apart of such a homestead as just referred to, the right of the head of the family, or in the event of his death the right of his estate, to the land after termination of the homestead, which is generally called the "reversionary interest," may be alienated by the head of the family before termination of the homestead. *Williamson* v. *Johnson,* 171 *Ga.* 713 (156 S. E. 617), and cit. Or, if the head of the family be dead, the interest therein of his heirs at law may likewise be alienated by such heirs at law. *Anderson* v. *Hall,* 114 *Ga.* 1016 (41 S. E. 593); Powell on Actions for Land, 333, § 263. In such circumstances the interests of the heirs at law of the deceased head of the family are not mere expectancies.

3. A deed executed by the head of a family, or one succeeding him in title, purporting to convey land embraced in the homestead, while inoperative and ineffectual as to the homestead estate in existence when the deed was made, will pass to the grantee the "reversionary interest" of the grantor in the land. *Wright* v. *Durden*, 158 *Ga.* 244 (123 S. E. 701), and cit.

4. One of the rules for determining who are the heirs at law of a deceased person is thus stated: "If there are children, or those representing deceased children, the wife shall have a child's part, unless the shares exceed five in number, in which case the wife shall have one fifth part of the estate. If the wife elects to take her dower, she has no further interest in the realty." Civil Code, § 3931(3).

5. When it appears that the widow, who was entitled either to dower or to a child's part in the real estate of her husband, dealt with an interest therein as if she were the absolute owner, such conduct will be sufficient to raise an inference that she had made an election to take a child's part in the time prescribed by law, and cast upon those seeking to show that she had not so elected the burden of showing that such an election had not taken place within such time. And this is true notwithstanding the widow may have made a mistake of law as to the interest she was entitled to, and claimed a one-sixth interest when she was really entitled to a one-fifth interest. *Rountree* v. *Gaulden*, 128 *Ga.* 737 (58 S. E. 346). See *Ehrlich* v. *Silverstein*, 121 *Ga.* 54 (48 S. E. 703). In this instance, the fact that the widow joined with one of the sons, who had attained his majority, in executing a mortgage on the land to secure a promissory note made by them to a third person, was sufficient to raise an inference that the widow had elected to waive her right of dower and to claim as an heir at law of the deceased head of the family.

6. A homestead set apart for the benefit of a wife and minor beneficiaries terminates when the widow dies and the minors arrive at majority. *Dudley* v. *Griggs*, 150 *Ga.* 153 (103 S. E. 89), and cit.; *Carrie* v. *Carnes*, 145 *Ga.* 184 (88 S. E. 949).

7. If a vendor conveys land by deed to his vendee before he has title himself, and afterwards the vendor acquires, title, his subsequent title inures to the benefit of the vendee, and a complete title is vested in the vendee the moment the vendor acquires it. *Hill* v. *O'Bryan*, 104 *Ga.* 137, 142 (30 S. E. 996); Powell on Actions for Land, 170, § 141; *Todd* v. *Williford*, 169 *Ga.* 543 (5), 549 (150 S. E. 912).

8. The evidence demanded a finding that upon the death of the widow in 1922 the homestead terminated; and that Donalson had died before the death of the widow; and under application of the principles heretofore stated, the estate of Donalson had unqualified title to an undivided interest in the land.

9. While there could be circumstances under which prescription would run in favor of the defendants against the estate of Donalson, no prescription would run until the homestead had terminated. See *Carrie* v. *Carnes*, supra. In this instance there was not sufficient time between termination of the homestead and institution of the suit for prescription to mature.

10. In *Yeates* v. *Donalson*, 147 *Ga.* 335 (94 S. E. 465), an action in ejectment instituted by John E. Donalson against Mrs. Arkansas Yeates, James S. Yeates, and Jesse Yeates, involving the land now in controversy, the suit was instituted before termination of the homestead. The verdict was for the plaintiffs, and the exception was to a judgment refusing a new trial. That judgment was reversed. After the judgment of the Supreme Court was made the judgment of the trial court, the plaintiff dismissed the action. *Held:*

(*a*) The result of the foregoing proceedings was to leave that case pending in the trial court. The plaintiff having subsequently dismissed the case, such dismissal did not amount to a judgment that would bar the present action, instituted after the death of Mrs. Yeates, against her three sons.

(*b*) The decision in *Yeates* v. *Donalson*, supra, recognized the principles stated in the first, second, and third divisions of this decision; but a different result was reached in that case, on account of the fact that the homestead estate had not terminated, as in the instant case, before the suit was brought.

11. The petition alleged a cause of action, and the special plea in bar as amended was insufficient. Consequently the trial judge did not err in overruling the demurrer to the petition, and in dismissing the special plea in bar.

12. Under the pleadings and the evidence the judge erred in finding generally for the defendants. The fact that the plaintiff is suing for the entire fee would not prevent him from recovering an undivided fractional part. *Georgia Iron &c. Co.* v. *Allison*, 121 *Ga.* 483 (3) (49 S. E. 618); *Whigby* v. *Burnham*, 135 *Ga.* 584 (4) (69 S. E. 1114); *Coleman* v. *Lane*, 26 *Ga.* 515; Powell on Actions for Land, 534, § 402.

*Judgment reversed on the main bill of exceptions, and affirmed on the crossbill. All the Justices concur.*

Nos. 8149, 8182. July 14, 1931.

34

*E. M. Donalson* and *Pottle, Hardwick, Farkas & Cobb,* for plaintiffs.

*R. L. Cox, C. W. Worrill,* and *P. D. Rich,* for defendants.