HALL, administrator, *v.* METROPOLITAN LIFE INSURANCE COMPANY; *et vice versa.*

Nos. 15055, 15065. JANUARY 5, 1945. REHEARING DENIED FEBRUARY 9, 1945.

*Rowland & Rowland* and *Paul T. Chance,* for plaintiff.

*Jay & Garden* and *R. M. Daley,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) "Adverse possession of lands, under written evidence of title, for seven years, shall give a like title by prescription; but if such written title is forged or fraudulent, and notice thereof is brought home to the claimant before or at the time of the commencement of his possession, no prescription shall be based thereon." Code, § 85-407. "Possession, to be the foundation for a prescription, must not have originated in fraud; but direct evidence of bona fides is not re-

quired. A presumption of good faith arises from adverse possession." *Canady* v. *Flanders,* 151 *Ga.* 531, 533 (107 S. E. 533). "If the possession has been open and notorious, accompanied with a claim of right and acts of ownership, a presumption of good faith arises, which may be rebutted by proof of facts indicating bad faith." *Baxley* v. *Baxley,* 117 *Ga.* 60, 62 (43 S. E. 436) ; *Teel* v. *Griffin,* 142 *Ga.* 245 (82 S. E. 662). "In order to defeat a prescriptive title for fraud, the claimant's written evidence of title, under which he went into possession of the property, must be shown to have been fraudulent within his own knowledge, or notice thereof brought home to him before or at the time of the commencement of his possession." *Wingfield* v. *Virgin,* 51 *Ga.* 139 (2) ; *Canady* v. *Flanders,* supra. "When a party claims adversely, it is not necessary for him to show that he went into possession bona fide, but the burden of showing fraud is upon the opposite party." *Reynolds* v. *Smith,* 186 *Ga.* 838, 842 (199 S. E. 137) ; *Evans* v. *Baird,* 44 *Ga.* 645 (2) ; *Teel* v. *Griffin,* supra. The defendant introduced a deed to the land, dated December 1, 1927, which was recorded 'January 16, 1928; and produced evidence of his public, continuous, exclusive, uninterrupted, and peaceable possession of the land from 1929 to 1942. A prescriptive title was thereby established, unless the plaintiff by redirect testimony produced evidence of fraud or forgery of which the defendant had notice before or at the time of the commencement of his possession.

The plaintiff insists that the evidence was sufficient to show that Metropolitan Life Insurance Company, at the time of receiving its deed to the property, had notice that R. R. Doke was without title or possession of the land when he executed the security deed to Atlanta Trust Company. It is insisted that, at the time of the preparation of the abstract of title and the execution of the security deed from Doke to Atlanta Trust Company on October 1, 1920, the local attorney preparing these documents had knowledge that Doke did not have title to or possession of the land; and that the security deed, in alleging the source of title in Doke, set forth the date of a deed into him as October 16, 1920, fifteen days after the date of the security deed. While several of the witnesses, in testifying as to facts known to this attorney, referred to him as "attorney for the insurance company," such reference was plainly erroneous, since it is undisputed that the original loan deed was

made by R. R. Doke to Atlanta Trust Company, who subsequently transferred it to Metropolitan Life Insurance Company; and the reference to this party as attorney for the "insurance company," instead of "trust company," could have no probative value as binding Metropolitan Life Insurance Company for the acts or knowledge of this attorney. The quitclaim deed, executed by Atlanta Trust Company to Metropolitan Life Insurance Company on November 12, 1920, transferring the interest of Atlanta Trust Company in the security deed executed by R. R. Doke, recited that one of the deeds by which Doke acquired title to the land was dated October 16, 1920, which was fifteen days after the execution of the security deed by him to Atlanta Trust Company. It appears that this deed, executed by Lenora C. Chivers to R. R. Doke, was recorded on November 5, 1920, and therefore was on record at the time Atlanta Trust Company executed the quitclaim deed to Metropolitan Life Insurance Company on November 12, 1920, and had been on record almost eight years when Metropolitan Life Insurance Company acquired this deed from the attorney in fact of R. R. Doke and went into possession of the land. We cannot see that such fact was evidence of forgery or fraud, or was such a badge of fraud as would have put Metropolitan Life Insurance Company upon inquiry. If, at the time R. R. Doke executed the security deed to Atlanta Trust Company, he did not have title to the land conveyed, but acquired title fifteen days later, it would inure to the benefit of the vendee. *Todd* v. *Williford,* 169 *Ga.* 543, 549 (5) (150 S. E. 912); *Donalson* v. *Yeates,* 173 *Ga.* 30 (7) (159 S. E. 856). From a careful examination of the record, we are unable to find any evidence of knowledge on the part of Metropolitan Life Insurance Company, or notice to it, that would defeat its title by prescription. Nor was it evidence of fraud for that company to retain the security deed, transferred to it by quitclaim deed from Atlanta Trust Company, and wait a period of seven or eight years before foreclosing the same.

The plaintiff in error further insists that the court erred in directing a verdict, for the reason that the evidence was sufficient to show knowledge by Atlanta Trust Company that the title of R. R. Doke was fraudulent or forged; and that Atlanta Trust Company was the agent of Metropolitan Life Insurance Company. Whether the evidence would authorize a finding that Atlanta Trust

Company had knowledge of fraud or forgery need not here be determined, as there is no evidence in the record that Atlanta Trust Company was the agent of Metropolitan Life Insurance Company. The only evidence of any connection between them was that, shortly after Atlanta Trust Company made the loan to R. R. Doke, the security deed was transferred to Metropolitan Life Insurance Company. The evidence disclosed that Metropolitan Life Insurance Company purchased loans from Atlanta Trust Company, and that there had been a contract between them which terminated in 1929, though there is nothing to indicate when this contract commenced or the terms thereof, from which any inference could be drawn that the relation of principal and agent existed. Accordingly, the plaintiff having produced no evidence which would have authorized the jury to determine that the defendant had failed to establish its title to the land, the court did not err in directing a verdict for the defendant.

In view of the foregoing ruling, it becomes unnecessary to rule upon the cross-bill and determine whether the court erred in sustaining a demurrer to the defendant's plea of res judicata.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*